540                    INMAN *et al. v.* ALLPORT.                    [Sept. T.,

Opinion of the Court.

# WILLIAM INMAN *et al.*

*v.*

# WALTER W. ALLPORT.

1. JURISDICTION *of person—in attachment suit.* An action by attachment was brought against The Liverpool, New York and Philadelphia Steamship Company as a foreign corporation, notice given by publication and service had on an agent. Upon the plea of *nul tiel corporation* being filed, the plaintiff entered his motion to amend the papers in the cause by inserting the names of the owners, which was allowed, and summons issued against the new defendants, and *alias* attachment, but no service had on defendants, and no new affidavit made, showing the indebtedness and non-residence of the defendants. No appearance was entered, except in respect to the corporation first sued: *Held,* that the court acquired no jurisdiction, and the subsequent proceedings were *coram non judice.*

2. Where defendants were sued as a foreign corporation, and not in any partnership name, an amendment of the papers, making them defendants as partners, will be regarded as a new proceeding; and if the suit is by attachment, a new affidavit, showing the indebtedness and non-residence of the defendants, will be indispensable to confer jurisdiction on the court, unless waived by an appearance.

3. APPEARANCE. Where a corporation was sued, and certain parties appeared and pleaded in the name of the corporation, after which the court allowed an amendment, making such persons defendants as partners: *Held,* that their appearance and pleading to the action, as against the corporation, could not be held an appearance after the amendment.

WRIT OF ERROR to the Circuit Court of Cook county.

Messrs. BECKWITH, AYER & KALES, for the plaintiffs in error.

Messrs. MILLER, FROST & LEWIS, and Messrs. HARDING & McCOY, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It will only be necessary, in the decision of this case, to consider the second error in the series assigned, viz: that the

court erred in taking jurisdiction upon an attachment writ issued against plaintiffs in error, without affidavit authorizing the issue of such writ.

The action of the court is sought to be maintained on the ground that, as the statute authorizes suits in attachment to be brought against parties by their partnership name, or the name by which they are generally known, and an amendment having been allowed by the court, substituting plaintiffs in error as defendants, who are said to be the real parties in interest, the original affidavit filed before process was sued out against the company as a corporation will sustain the jurisdiction of the court; but it is said that if there was error in this particular, it was waived by appearance without objection on this ground.

We do not perceive how the jurisdiction of the court can be maintained on either ground suggested.

The original suit was commenced in attachment against The Liverpool, New York and Philadelphia Steamship Company, as a corporation. It is so alleged in the affidavit, and in the declaration, that defendant company was a corporation existing and created under the laws of England, and was not resident in the State of Illinois. The process issued in the cause was served upon an agent of the steamship company, in conformity with the provisions of our statute, which authorizes the service of process, in suits against incorporated companies, upon any agent of the company. The action was, in all respects, a proceeding against a corporation as such, and not against individuals by their partnership name.

At the return term defendant corporation appeared by counsel, and filed the plea of *nul tiel corporation.*

Subsequent to the filing of this plea, defendant in error entered his motion for leave to amend his papers in the cause, by inserting the names of the owners of said company as defendants, and asked that summons might issue against the new defendants, which motion was by the court allowed. In pursuance of the leave given, the papers in the cause were all

542      INMAN *et al. v.* ALLPORT.      [Sept. T.,

Opinion of the Court.

changed, and an amended declaration was filed against plain-tiffs in error, alleging that they were doing business under the name of The Liverpool, New York and Philadelphia Steamship Company, and that they were the owners of a certain steamship on which defendant in error was a passenger at the time of the happening of the injury complained of.

An *alias* summons and writ of attachment were issued against the substituted defendants. The summons was returned without service on either of them. The writ of attachment was served on the original garnishees.

No new affidavit was filed, showing the indebtedness and non-residence of the newly substituted defendants. For anything that appears in the record, some or all of them may have been residents of the State of Illinois, and amenable to the jurisdiction of the court, and, therefore, not liable to the summary process of attachment. This, we think, was a fatal error.

Plaintiffs in error had never been sued by any partnership name; and when the amendment was allowed and their names inserted as defendants, it was, so far as they were concerned, a new proceeding. An affidavit, showing the indebtedness and non-residence of plaintiffs in error, was indispensable, therefore, to confer jurisdiction on the court. It is a statutory requirement, and can not be dispensed with unless waived by an appearance. Without such an affidavit in a case where there is no appearance, the whole proceedings will be *coram non judice. Campbell et al.* v. *McCahan et al.* 41 Ill. 45.

There having been no service of process, the question arises whether there was such an appearance on behalf of plaintiffs in error, by counsel, as would confer jurisdiction on the court, and authorize the judgment *in personam.* This question must be answered in the negative.

No counsel ever appeared, claiming to act for plaintiffs in error or either of them. No motion of any kind was ever made in the cause in their names or on their behalf. Counsel did appear for The Liverpool, New York and Philadelphia

Steamship Company when sued as a corporation. All the motions made in the cause were made on behalf of defendant corporation, and not otherwise. The very fact that the judgment against plaintiffs in error was rendered on default, tends, in some degree at least, to show that no counsel appeared, or pretended to appear for them. Plaintiffs in error ought not to be made personally liable for this judgment on a mere constructive appearance. It ought to be made to appear that there was service of process, or an actual appearance in person or by counsel, or that they were brought into court by some process authorized by law. No such thing appears in this record, and, therefore, the court acquired no jurisdiction of the cause, either as to property or persons of plaintiffs in error.

For the reason that the court improperly assumed jurisdiction of the cause, the judgment is reversed.

*Judgment reversed.*