———o———

ROHRBOUGH, MOORE & Co., Appellants, *vs.* REED BROTHERS, Respondents.

1. *Justice of Peace—Suit on lease made by partnership—Statement, what sufficient—Title of cause.*—A written lease from one firm to another, although executed in their partnership names, is a sufficient statement of the cause of action within the intent of the statute, in suit by the lessors against the lessees, before a justice of the peace. In such suit, the cause being entitled of the firm names is error, but not such as to work dismissal. The title might be amended at any time before final judgment in the Circuit Court. (See Wagn. Stat., 849, § 13.)

*Appeal from Caldwell Circuit Court.*

*M. A. Low*, for Appellants.

I. The lease filed with the justice was sufficient foundation for the cause of action. (Gillihan vs. Wren, 44 Mo., 277.)

*L. C. Pace*, for Respondents.

I. The individual names of the different parties should have been set out. (Revis vs. Lamme, 2 Mo., 207.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a written lease for rent commenced before a justice of the peace. The plaintiffs were the lessors and the defendants the lessees. Both parties signed the lease, which was not under seal, by their partnership name of " Rohrbough, Moore & Co.," and Reed Bros." By the terms of the lease the rent was payable quarterly; and this suit was brought for a balance on the last quarter, and the lease was filed as the foundation of the action with the justice. The plaintiffs recovered a judgment before the justice and the defendants appealed to the Common Pleas Court of Caldwell County, and the case was taken by change of venue to the Circuit Court of Caldwell County.

In the Circuit Court the defendants filed a motion to dismiss the suit for the following reasons :

" 1st—Because no statement, bill of items or other papers were filed with the justice in this cause, upon which a valid judgment could be rendered, or setting forth sufficient facts to entitle plaintiffs to recover ;

2nd—because Rohrbough, Moore & Co. against Reed Bros. is not a sufficient statement of parties ;

3rd.—because the names of the co-partners were not set out in full."

The court sustained this motion and the plaintiffs excepted, and before any entry was made of the order or judgment sustaining the motion, the plaintiffs asked leave to amend their statement so as to set forth the names of the parties to the suit, which leave the court refused to grant, and the plaintiffs

excepted; and the court thereupon entered judgment dismissing the suit and the plaintiffs have appealed to this court.

The written lease was certainly a sufficient statement of the cause of action. As the lease was the proper foundation of the action, although executed in the partnership names of plaintiffs and defendants, it was the only paper necessary to be filed by the plaintiffs in commencing their suit.

The title of the cause was improperly stated in the docket of the justice. It should have set forth the individual names of the parties, plaintiffs and defendants. But this error would not be sufficient to dismiss the suit. It might at any time before final judgment be amended.

The motion was to dismiss because the statement or paper filed, did not set forth the individual names of the parties. As it was not necessary that any statement independent of the written lease should be filed, the court improperly sustained this motion.

On appeals, all defects, errors or other imperfections in the proceedings of the justice must be disregarded, and the court must allow them to be corrected and proceed to hear and determine the case anew. (2 Wagn. Stat., 849, § 13.) As all the parties were before the court, the only correction necessary to be made was to order the title of the cause to be entered on the record so as to set forth the individual names of the plaintiffs and defendants; and the court ought to have ordered this correction.

The judgment must be reversed and the cause remanded; Judge Sherwood absent; the other judges concur.