DONNELL *et al.* v. BYERN *et al., Appellants.*

1.   **Evidence**: ATTACHMENT WRIT: DEFECTS IN.   In a suit by attaching creditors to set aside a fraudulent mortgage, the writ of attachment sued out *pendente lite* in term time without order of court, and although not made returnable to any court, term or day, is admissible in evidence to show that plaintiffs were attaching creditors in the attachment suit; the latter suit having been commenced with personal service with which defendants were served.

2.   **Lost Deposition**: CERTIFIED COPY FROM SUPREME COURT.   On the re-trial of a cause which had been reversed and remanded by the Supreme Court, a certified copy of a deposition made from the transcript of the record in the latter court, was properly admitted in evidence, it being shown that the original was lost, and also that it had been correctly copied and forwarded to the Supreme Court in the transcript, to which it belonged.

*Appeal from Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge

AFFIRMED.

*Moore & Williams* for appellant.

The court erred in admitting in evidence the pretended attachment writ.   R. S., § 448; *Holliday v. Cooper*, 3 Mo. 286; *Bobb v. Graham*, 4 Mo. 222; *Hardin v. Lee*, 51 Mo. 241; *Dunham v. Heaton*, 28 Ill. 264; Drake on Attach., (3 Ed.) § 184; 1 Tidd's Prac., 161; Bouvier Law Dic., title " Writ."   The court also committed error in permitting the certified copy of the deposition of H. E. Byern to be read to the jury.   1 Greenleaf Ev., §§ 163 to 166; *Bergau v. People,* 17 Ill. 426; *Wilbur v. Seldon,* 6 Conn. 162; *Powell*

*v. Waters*, 17 Johns. 176; *People v. Newman*, 5 Hill 295; *Morris v. Hammerle*, 40 Mo. 489; *Jaccard v. Anderson*, 37 Mo. 91; *Finney v. St Charles College*, 13 Mo. 265.

*Draffen & Williams* for respondent.

The writ of attachment was admissible in evidence. 1 Wag. Stat., p. 184, §§ 13, 16. The certified copy from the Supreme Court of the deposition of H. E. Byern was also rightly admitted in evidence. *Finney v. St. Charles College*, 13 Mo. 266; *Brunn v. Wood*, 19 Mo. 475. Weeks on Depositions, § 462.

## I.

SHERWOOD, J.—This cause has been here on a former occasion, and is reported in 69 Mo. 464. The error for which the judgment was then reversed has been cured by giving the sixth instruction asked by the defendants. The controlling question in this case, of course, is whether the mortgage was fraudulent as to the furniture and fixtures. On this point the evidence was the same as before, and the question of fraud or no fraud has been passed upon by two juries and two circuit judges, and the same result reached in each instance. The questions arising on the last trial were presented to the jury in a very satisfactory manner by the instructions on the part of all the parties litigant. And the evidence as to fraud under our repeated rulings, warranted the court in adopting as it did the finding of the jury. *Hopkins v. Sievert*, 58 Mo. 201; *Burgert v. Borchert*, 59 Mo. 80; *Massey v. Young*, 73 Mo. 260. We pass now to the discussion of two points on which the defendants lay great stress for a reversal, and will discuss them briefly in the following paragraphs:

## II.

The transcript from the Tipton common pleas court did establish that plaintiffs, Donnell and Tilden, were attaching creditors. Their suit was commenced by sum-

mons, and the defendants in that suit, Byern and Moller, were personally served with process. Afterwards and on the first day of the term at which the summons was made returnable, the writ of attachment was sued out. The only points of irregularity which can be urged against the issuance of this writ is that it was issued in term time, and without the order of the court, and that it is made returnable to " no court, to no day, and to no term."

The statute provides that where the action is begun in the ordinary way, that "the plaintiff  *  *  *  *may at any time* pending the suit, and before final judgment, sue out an attachment in such action, on filing an affidavit and bond, as required in cases of original attachment." R. S. 1879, § 410. And the statute further provides in such cases that where the defendants have been previously summoned, the clause of summons shall be omitted. *Ib.*, § 418. Such being the statute law, and the defendants having been brought into court on process regularly issued in the ordinary way, we need not, perhaps, discuss the point whether a writ returnable to a *dies non* is void or not.

This court, in repeated instances, has held that " proceedings which are amendable are not void." *Hardin v. Lee*, 51 Mo. 241. And the liberal scope of amendments in such proceedings authorized by statute was recognized in this state many years ago. *Henderson v. Drace*, 30 Mo. 358. And obviously enough the *status* of a cause where a defendant is already in court by service properly had, must differ widely from one where proper process has not been issued. The only object of the attachment *pendente lite* was to seize on a certain *res* and hold it in the grasp of the court to await the recovery of judgment in a suit then pending. Where this is the case, where a defendant is personally served with process or voluntarily appears to the action, the proceedings, however defective the affidavit, or writ, will be valid, and the rights acquired thereby will not depend upon the attachment for their validity, but upon the judgment, which will bind not only the attached prop-

erty but other property of defendant. 1 Wag. Stat., pp. 188, 189, §§ 36, 40. In this case the defendants made no question of the right of the court to exercise jurisdiction over them by attachment, and after judgment rendered in that action, it is quite too late for them, or any one for them, to question, in a collateral proceeding, the rights acquired under that judgment. Drake on Attachment, § 87; *Toland v. Sprague*, 12 Pet. 300; *Inman v. Allport*, 65 Ill. 540.

### III.

The copy of the copy of Byern's deposition was properly admitted in evidence. The loss of the original deposition was shown. It was also shown that the original deposition had been correctly copied and forwarded to this court in the transcript to which it belonged, and the certificate of the clerk of this court that the copy used in evidence was a true copy of the copy of the deposition which had been forwarded him, was sufficient to identify the deposition and make the copy certified competent evidence; it was certainly the best evidence which was then available. Besides, the deposition by being copied into the transcript, filed in this court, became a record of this court, and was therefore capable of being proved like any other record. One of the methods of proof is a copy made by an authorized officer. 1 Greenleaf Ev., §§ 501, 503.

Therefore judgment affirmed. All concur.