Conrades & Co. v. Spink.

C. H. CONRADES & Co., Respondents, v. A. H. SPINK, Appellant.

### St. Louis Court of Appeals, December 17, 1889.

1. **Practice, Trial:** PARTIES: SUIT BY A PARTNERSHIP. A suit instituted by a partnership should be brought in the names of the members of the partnership, and not in the firm name.

2. **Practice, Appellate:** ERROR NOT PREJUDICIAL But the institution of the suit in the firm name as plaintiff is not prejudicial error, and judgment will not be reversed on account thereof.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES. E. WITHROW, Judge.

AFFIRMED.

*Edmond A. B. Garesché*, for the appellant.

This suit having been commenced and prosecuted in the firm name, and the individual names of the parties comprising the firm not appearing in any of the proceedings, there was a complaint by nobody, and, on motion of appellant, the proceedings should have been dismissed. *Hammersmih v. Hilton*, 8 Mo. App. 564; *Seeley v. Schenck*, 2 N. J. L. 35 ; *Smith v. Caulfield*, 8 Mich. 493 ; *Blackwell v. Reid*, 41 Miss. 102 ; *Crandall v. Danny*, 2 N. J. L. 101.

*Robert L. McLaran*, for the respondents.

Partners may sue and recover in their firm name. *House v. Duncan*, 50 Mo. 453 ; *Beattie v. Hill*, 60 Mo. 75 ; *Orr v. How*, 55 Mo. 328 ; *Fowler v. Williams*, 62 Mo. 403. The plaintiffs had the right, moreover, to amend and set out the names in full of the partners. R. S. 1879, sec. 3060 ; *Gregory v. Railroad*, 20 Mo. App. 448 ; *Teiman v. Goodnight*, 17 Mo. App. 429. An appellant cannot complain of errors which are not prejudicial to his interests. *Davis v. Hilton*, 17 Mo. App. 319 ; *Akers v. Clarkson*, 6 Mo. App. 601 ; *Heiman v. Fischer*, 11 Mo. App. 283 ; *Nance v. Metcalf*, 19 Mo. App. 183.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiffs, a firm composed of C. H. Conrades and C. F. Ellerbrake, brought suit in their firm name of C. H. Conrades & Co., before a justice of the peace, against the defendant upon an account for goods sold and delivered. The account filed by them, as their cause of action, indicated upon its face that it was owned by C. H. Conrades and C. F. Ellerbrake, but all the other papers in the case before the justice, including the justice's docket entries, purport to relate to a suit by C. H. Conrades & Co.

Upon trial anew in the circuit court, the defendant's counsel objected to the introduction of any

evidence, in support of the claim, on the ground that the suit had been brought in the firm name of C. H. Conrades & Co., and not in the individual names of the parties constituting said firm. The plaintiffs' counsel thereupon asked leave to amend by adding the name of C. F. Ellerbrake to that of C. H. Conrades, as plaintiff. The court overruled both the defendant's objection and the plaintiffs' motion, the latter, as it would seem, on the ground that an amendment was unnecessary. The trial thereupon proceeded, and upon evidence offered by the plaintiff, warranting a recovery in behalf of C. H. Conrades and C. F. Ellerbrake as members of the firm of C. H. Conrades & Co., resulted in a judgment for plaintiffs.

The defendant appealing assigns for error the ruling of the court in admitting evidence in support of a cause of action, prosecuted in the firm name, and not in the individual names, of the parties in interest.

That the ruling of the court was erroneous, may readily be conceded. In this state as in others, suits must be brought in the names of the individual members of the firm, and not in the name of the firm, which is a mere ideal entity. Who are the parties plaintiff or defendant to a suit before the justice, is to be determined, *prima facie*, by the justice's docket entries, and not by names contained on papers filed before the justice, in which they are not even designated as parties, plaintiff or defendant. But it does not follow from this, that a suit, instituted before a justice in a firm name, is a nullity, and incapable of amendment, on appeal, by adding the names of the individual members of the firm. That this may be done has expressly been decided in *House v. Duncan*, 50 Mo. 453, which case, on that point at least, was recognized as good law in *Beattie v. Hill*, 60 Mo. 75, and has never been overruled. On the other hand the case of *Fowler & Wild v. Williams*, 62 Mo. 404, decides that, although a suit

is prosecuted to final judgment in a firm name, such fact is no ground for sustaining a motion in arrest.

In conformity with these decisions, we must conclude that, while the court erred in not sustaining the defendant's objection, and likewise erred in not permitting the plaintiffs to amend, neither of these errors affected the substantial merits of the case, and as the statute, section 3775, Revised Statutes, 1879, prohibits us from reversing a judgment, unless we believe that error was committed by the trial court against the appellant, materially affecting the merits of the action, we must affirm the judgment. All the judges concurring, the judgment is affirmed.