J. C. BORKOWSKI, Respondent, v. RUDOLPH JANICKE AND MRS. RUDOLPH JANICKE, Appellants.

Kansas City Court of Appeals, May 19, 1913.

1. PLEADING: Amendment: Departure: Motion to Strike Out. In a suit originating in a justice court where the petition merely shows that it is a suit for a balance due on a merchant's account, and on appeal to the circuit court motions were filed to make more definite and certain, which being sustained, the plaintiff filed an amended petition showing clearly that it was a suit for the same balance on a stated account, such amendment was not a departure. But if it was, the filing of an answer thereto and going to trial on that issue was a waiver of the departure.

2. ———: Account Stated: Sufficiency of Evidence. Where the evidence showed that as groceries were bought the various items with the amount due therefor were set down in the shape of an account in duplicate pass books, one of which was kept by the grocer and the other by the debtors and the balance sued for was struck and stated therein, and that such pass book with such balance was retained without objection by the debtors for a year and a half, and an agreement on the part of both to pay, this was sufficient to authorize the submission to the jury of the question of whether or not it was a stated account.

3. ———: ———: Reasonable Time: Question for Court or for Jury. Where there is no dispute as to the time of the rendition of the account or the time of making the objection the question of the time being reasonable or not is for the court. But where there is a dispute over any one or more of such matters, it is a question for the jury under proper instructions.

Borkowski v. Janicke.

4. **JUDGMENTS: Verdict: Sufficiency.** In a trial against two ·defendants jointly, in which they answered jointly and defended jointly, and a verdict for plaintiff, if for him at all, must be against both defendants, and the verdict shows on its face that the jury understood there was more than one defendant, the fact that the finding in the verdict reads "against defendant" instead of "against defendants" is not ambiguous but contains a mere clerical error apparent on its face. Such being the fact the judgment against both defendants was proper and will not be reveresed or set aside.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick*, Judge..

AFFIRMED.

*B. M. Achtenberg* for appellants.

(1)  The court erred in overruling defendants' motion to strike from the records plaintiff's second amended petition. It introduced a new and entirely different cause of action from that tried before the justice, contrary to and in violation of the statute. R. S. 1909, sec. 7585; Clark v. Smith, 39 Mo. 498; Hansberger v. Railroad, 43 Mo. 196; Brashears v. Strock, 46 Mo. 221; Slaughter v. Davenport, 82 Mo. App. 654, and 151 Mo. 33; Bushnell v. Railroad, 126 Mo. App. 63.  (2)  A suit on open account and one on account stated are two separate and distinct causes of action. Davis & Co. v. Boswell & Strawn, 77 Mo. App. 297; McQuire v. DeFrese, 77 Mo. App. 683; Koegel v. Given, 79 Mo. 79.  (3)  The reasonableness of the time in which a debtor should make his objections to an account stated by the creditors' balancing the account, rendering the same to him and retention by him, is a question of law for the court and not a question of fact to be submitted to the jury. McKeen v. Bank, 74 Mo. App. 281; Kent v. Highleyman, 28 Mo. App. 620; Powell v. Railroad, 65 Mo. 662.  (4)  The court erred in giving plaintiff's instruction 6. It authorized the jury to find against one ·of the defendants without

finding the issues for or against the other. Winkelman v. Maddox, 119 Mo. App. 658; Schweickhardt v. St. Louis, 2 Mo. App. 571; Wichelmann v. Weiss, 7 Mo. App. 87; McCord's Admr. v. McCord, 77 Mo. 166; Ferguson v. Thatcher, 79 Mo. 511; Miller v. Bryden, 34 Mo. App. 602; Ward v. Farrelly, 9 Mo. App. 370; Kent v. Highleyman, 17 Mo. App. 9 and 28 Mo. App. 614; Brown v. Kimmel, 67 Mo. 430; Railroad v. Kimmel, 58 Mo. 83; Stewart v. Railroad, 157 Mo. App. 225. (5) An account rendered to constitute a stated account by passive acquiescence, must be itemized. Blacksmith and Wrecking Co. v. Carreras, 26 Mo. App. 229; Railroad v. Commission Co., 71 Mo. App. 303; Fisse v. Blanke, 127 Mo. App. 432; Alexander v. Scott, 150 Mo. App. 221; Ottofy v. Winson, 137 Mo. App. 275; Powell v. Railroad, 65 Mo. 660; Stewart v. Railroad, 157 Mo. App. 244; McWilliams v. Allen, 45 Mo. 574. (6) One is not necessarily liable in an action on an account stated because he had admitted liability for the demand and promised to pay it. Fisse v. Blanke, 127 Mo. App. 432. (7) There was no evidence showing that a final account showing debits and credits had been rendered to either of the defendants. Railroad v. Kimmel, 58 Mo. 85. (8) When there are two defendants and the verdict as received is against "the defendant," without naming him, it will not support a judgment against either. Lambert v. Borden, 10 Ill. App. 648; Kenney v. Railroad, 79 Mo. App. 209.

*Spencer & Landis* and *Guy C. Barr* for respondent.

(1) (a) The circuit court committed no error in permitting the amended petition to be filed. Hammond v. Berkovitz, 139 Mo. App. 409; Newberger v. Frieda, 23 Mo. App. 631, 637; Hanson v. Jones, 20 Mo. App. 595. (b) As defendants did not stand on motion to strike out, but filed answer and went to trial, they waived all objections to the amended petition.

Scovill v. Glasner, 79 Mo. 449, 454; Grymes v. Mill Co., 111 Mo. App. 358, 362. (2) The evidence made out the case as an account stated against both defendants. Stewart v. Railroad, 157 Mo. App. 238. (3) It is a question for the jury under proper instructions by the court to determine whether the defendants kept the account rendered a sufficient length of time without objection as to thereby acquiesce in its correctness, and the court in its instructions numbered 4 and 5 for the plaintiff clearly told the jury that if they believed that the plaintiff, one or more years after defendants quit dealing with him, wrote the defendants letters demanding payment of the sum sued for herein, and that defendants did not object to said account for a reasonable time thereafter, that such acquiescence of the defendants therein is to be taken as an admission that the account was truly stated between plaintiff and defendants, and these instructions certainly state the law as to whether the account was acquiesced in or not. Powell v. Railroad, 65 Mo. 658; Brown v. Kimmel, 67 Mo. 430; McCormick v. Sawyer, 104 Mo. 36; Brewing Co. v. Berney, 90 Mo. App. 96. (4) The fact that the jury failed to write "defendants" in their verdict, but wrote the word "defendant," is only a clerical error, which the court properly so regarded and entered judgment against both defendants. Gibson Admr. v. Swafford, 122 Mo. App. 126; Gurley v. O'Dyer, 61 Mo. App. 348; Jones v. Railroad, 89 Mo. 653; Rembaugh v. Phipps, 75 Mo. 422; Porter v. Cotney, 3 Ala. 314; Steed v. Barnhill, 71 Ala. 157; Cowell v. Colorado Springs Co., 3 Colo. 82; Waddingham v. Dickson, 29 Pac. 177; Davis v. Shuah, 36 N. E. 122; 38 Cyc. 1882; 22 Am. & Eng. Pl. & Pr. 903.

TRIMBLE, J.—This is a suit to recover a balance due on an account for groceries sold the defendants and used by them in their family. It originated in a justice court where judgment was rendered for

plaintiff and an appeal was taken to the circuit court. Motions were there filed by defendants to make the petition more definite and certain, which being sustained, the plaintiffs, by leave of court, filed an amended petition in which they asked judgment for the same balance as upon an account stated.

The defendants thereupon filed a joint motion to strike out the amended petition as a departure, but this the court overruled. Whereupon defendants filed a joint answer and submitted the disputed questions of fact to the arbitrament of a jury. A verdict was returned for plaintiff in the full amount claimed, to-wit, $187.75, and we are asked to review the judgment rendered thereon.

The first error complained of is that the court overruled defendant's motion to strike out the amended petition which declared on a stated account and was for that reason a departure. It is held in Hanson v. Jones, 20 Mo. App. 595, 1. c. 600, that such an amendment does not introduce a new cause of action, but that it remained as before, a suit for a balance due on a merchant's account; and this ruling was approved in Newberger v. Frieda, 23 Mo. App. 631, 1. c. 637. These rulings are based on the liberality accorded amendments to pleadings in justice courts where technical formality is not required. But whether the amendment was a departure or not, defendants waived all error in that regard by filing answer and going to trial, thereby taking their chances on the issues as presented by the amended pleading. Having taken their chances they must abide by the result so far as this point is concerned. [Scovill v. Glasner, 79 Mo. 449, 1. c. 454; Grymes v. Mill Co., 111 Mo. App. 358, 1. c. 362.]

A number of errors are claimed the basis of which is the assumption that the evidence fails to show an account stated against both or either of said defendants. We think it amply sufficient, however, to sup-

port a finding of the jury to that effect. There was evidence fully tending to show that, during the entire time groceries were bought of plaintiff by the defendants, the various items with the amount due therefor were set down in the shape of an account in duplicate pass books, one of which plaintiff kept and the other was retained by defendants; that the final balance now sued for was struck and put down in each pass book; that defendants retained this pass book with such balance for a year and a half without objection; that both defendants said they would pay, and one defendant (the husband) offered to give his note for it; that there was a definite acknowledgement of indebtedness in a certain sum implied from the conduct of both defendants. This was sufficient to sustain a finding that there was a stated account. [Stewart v. Railroad, 157 Mo. App. 225, l. c. 238, and authorities there cited.]

It is also insisted that it was error to submit the reasonableness of the length of time the debtors kept the account without objection, since reasonableness is a question of law for the court and not for the jury. It undoubtedly is a question for the court "where there is no dispute as to the time of the rendition of the account or the time of making objection." McKeen v. Bank, 74 Mo. App. 281, l. c. 289.] But where there is such dispute it is proper to submit the question to the jury in an appropriate instruction as was done in this case.

Objection is made to the form of the verdict. It read as follows:

"Oct. 28-1912.

J. C. Borkowski

   v.

Rudolph Janicke et al.

We, the jury in the above entitled case, find for the plaintiff and against the defendant in the sum of $187.75.

    W. C. Baker, Foreman.'

The point is that by the use of the word "defendant" instead of "defendant*s*" the jury meant to return a verdict against one and not the other and hence the verdict is faulty and ambiguous. The defendants were sued jointly and answered and defended jointly. There was no claim of nonliability on the part of one that did not apply to both. Of course, if the verdict is ambiguous, then it should not stand. [Newton v. Railroad, 153 S. W. 495.] But if it shows on its face that the omission of the letter "s" at the end of the word "defendant" is a mere misprision, and if the entire record shows that, if any verdict is rendered for plaintiff at all, it must be against both defendants, then there is no ambiguity. [Gurley v. O'Dwyer, 61 Mo. App. 348.] The verdict shows on its face there were two defendants. To say that the use of the word "defendant" was intentional is to convict the jury of purposely returning a verdict against one only without stating the name of the one found against or the one against whom no verdict was returned. Under such circumstances the use of the singular instead of the plural could not be said to be anything other than a mere clerical error. The identical point in question was ruled adversely to the contention of defendant in Steed v. Barnhill, 71 Ala. 157; Waddingham v. Dickson, 29 Pac. 177; Cowell v. Colorado Springs Co., 3 Colo. 82; Davis v. Shuah, 36 N. E. 122. [See also 34 Cyc. 1882.]

Instruction No. 6 is complained of as inviting the jury to find against one of the defendants only. We do not think it is open to this charge. The instruction was a form of verdict and the only ground of the charge is that a blank space was left in place of writing the names of both defendants in. Prejudicial error does not appear in this, and the verdict and judgment is so clearly for the right party, that, unless error has been shown, it ought not to be disturbed. It is, therefore, affirmed. All concur.