FRANK A. CONKLING, APPELLANT, v. HENRY QUELLMALZ LUMBER & MANUFACTURING COMPANY, A CORPORATION, RESPONDENT.—34 S. W. (2d) 990.

St. Louis Court of Appeals. Opinion filed February 3, 1931.

*Abbott, Fauntleroy, Cullen & Edwards,* for appellant.

*Foristel, Mudd, Blair & Habenicht* for respondent.

BECKER, J.—This case is here on second appeal. See 29 S. W. (2d) 564. On January 20, 1922, plaintiff filed his petition against defendant in an action which plaintiff asserts was on an account stated, but which defendant contends was but an action upon an open account. According to this original petition, on March 1, 1920, "an account was stated" between plaintiff and defendant for the sum of $1982.46, for which amount judgment was prayed. An exhibit was attached to the petition and made a part thereof, which showed that the account arose out of the purchase and sale of three carloads of lumber. To this petition the defendant filed a general denial.

On February 23, 1928, by leave, plaintiff amended his original petition by interlineation, adding the allegation that "the defendant then and there promised to pay said sum." Again on February 27, 1928, by leave and over defendant's objection, plaintiff filed what is termed a new amended petition, which petition is conceded to be an

action upon an account stated as of August 1, 1920, and for the sum of $1574.19, to which "new amended petition" there was attached an exhibit showing that the account arose out of the purchase and sale of three cars of lumber (the identical cars set up in the original petition) but omits therefrom two items of profit based on the sale of the cars of lumber, and sets out in lieu thereof a sum designated as ten per cent commission on the sale of lumber.

The defendant thereupon filed its motion to strike plaintiff's said amended petition from the files, on the grounds, among others, that the new amended petition was a departure from the original cause of action, and the substitution of a new cause of action from that stated in the original petition; and further that the proposed substitution of the amended petition substituted a new cause of action, which is barred by the Statute of Limitations. This motion to strike was overruled and defendant thereafter filed a demurrer in which the same grounds were assigned as in the motion to strike. The court in turn overruled the demurrer, to which action the defendant in due course filed a term bill of exceptions.

The defendant did not stand upon its demurrer but filed its answer in the nature of a general denial to plaintiff's amended petition, and the case was tried to the court and jury upon the issues thus framed. At the close of plaintiff's case the court, at the request of defendant, gave a peremptory instruction to find for defendant, and from the resulting judgment the plaintiff in due course appealed to this court, which, on October 24, 1929, reversed the judgment and remanded the cause, holding that plaintiff had made out a case of an account stated for the jury. [See Conkling v. Quellmalz Lbr. & Mfg. Co., 20 S. W. (2d) 564.]

After the mandate of this court had been filed in the trial court the defendant obtained leave to withdraw its answer and again to file a demurrer to plaintiff's amended petition, but withdrew its demurrer and by leave of court filed a motion to strike out plaintiff's amended petition, again setting out as grounds therefor that the amended petition was a departure from the original cause of action and a substitution of a new cause therefor, and that the proposed substitution of the amended petition substituted a new cause of action, which is barred by the Statute of Limitations. The defendant's motion to strike out was sustained and after unavailing motions for rehearing and for new trial the plaintiff brings this appeal.

There are several questions urged before us. In light of our conclusion however we need address ourselves to but one of them. Did the defendant waive its right to plead in bar the Statute of Limitations by having filed its answer to plaintiff's amended petition after the court had overruled its motion to strike and its demurrer, in each of which defendant had set up departure and the Statute of Limitations, it being remembered that defendant's answer was merely a general

denial and did not include therein a plea in bar of the Statute of Limitations?

"The Statute of Limitations is an affirmative defense. Both at common law and under the codes it must be raised by plea or answer, except where the statute confers title, in which case it becomes available under the general issue. From an early date an exception has been engrafted upon the rule in this State, that is, that, where the statute creates a bar *without any exception,* the defense may be raised by special demurrer if the necessary facts appear upon the pleadings." [Maddox v. Duncan, 62 Mo. App. 474, loc. cit. 478; Johnston v. Ragan, 265 Mo. 420, loc. cit. 447, 178 S. W. 159.]

We note that when the case was before this court on first appeal, the defendant conceded that by successively filing a demurrer and answer to the amended petition it waived the issue of departure, and that the sole question for our review was whether plaintiff at the trial and by his evidence made an issue for the jury on his claim of an account stated. And again on this appeal defendant concedes that when the defendant's motion to strike out the amended petition was overruled and it filed a demurrer and answer, it thereby entered its appearance in the new cause of action laid in the amended petition and so waived the departure so far as concerns the right to file the amendment as a matter of pleading, but contends that it did not thereby waive the bar of the Statute of Limitations or the right to plead it.

"The doctrine of waiver, from its nature, is applicable generally speaking to all rights or privileges to which a person is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the Constitution provided such rights or privileges rest in the individual and are intended for his sole benefit." [27 R. C. L. 906.]

In our view defendant, under the facts herein, waived not only the departure but also waived the bar of the Statute of Limitations.

In this situation we start with the concession that when the defendant filed its answer it waived for all time its right to object that plaintiff's amended petition substituted a new cause of action. [Tucker v. Hagan (Mo. App.), 300 S. W. 301; Borkowski v. Janicke, 170 Mo. App. 610, 157 S. W. 125; Scharff v. Standard Tank Car Co., 214 Mo. App. 658, 264 S. W. 56, and cases cited.]

But defendant was at all times fully aware of the facts upon which it bases its contention that the amended petition is barred by the Statute of Limitations, for it set that out as a ground in support of its motion to strike out, as well as its demurrer to plaintiff's petition. So having full knowledge of all the facts and its rights thereunder the defendant by filing its answer to plaintiff's amended petition, after the overruling of its motion to strike and its demurrer, such answer being a general denial and not setting up limitation as a plea in bar, waived its right to plea in bar the Statute of Limitations.

The object of the Statute of Limitations having thus been voluntarily defeated by the parties for whose benefit it was enacted, the waiver should be conclusive. [State ex rel. Matney v. Spender, 79 Mo. 314, l. c. 316.]

Furthermore, in the instant case, the very thing which concededly the defendant has waived, namely, departure, must be invoked before and in order to sustain defendant's plea of limitation. Absent a departure in this case there can be no violation of the Statute of Limitations because that necessary predicate has been waived. In other words the departure having been waived for all purposes it cannot be invoked for the special purpose of a plea in bar of the Statute of Limitations based upon departure.

Nor is our conclusion in conflict with what has heretofore been ruled in Sims v. Field, 24 Mo. App. 557. There plaintiff's original petition was based upon the statute concerning division fences. The amended petition was based upon license from defendant to the plaintiff to maintain the fence as a division fence and it was properly held that the amended petition could not be held to be an amendment of the original petition, but must be held to be a substitution—substituting a new cause of action for the cause of action alleged in the original petition. There the court held that the cause of action stated in the amended petition upon the face thereof, was barred by the Statute of Limitations, more than five years having elapsed from the time it accrued before the amended petition was filed, and therefore that the trial court had erred in refusing defendant's requested instruction that plaintiff's cause of action stated in the amended petition was barred by the Statute of Limitations. We find in the course of that opinion the statement that "the court on motion would have stricken out the amended petition for that reason. The defendant filed no such motion and, of course, by such failure waived the right to have the amended petition stricken out. [Scovill v. Glassner, 79 Mo. 452.]" But the statement of facts in the case discloses that "the answer specially pleaded the Statute of Limitations as a bar to the cause of action set out in the amended petition. The answer alleged 'that cause of action mentioned in plaintiff's amended petition did not accrue within five years before the commencement of the action by said amended petition.' " So that the case before us is readily distinguishable therefrom on fact.

So, too, is the case at bar distinguishable from the case of Silver v. Ry. Co., 21 Mo. App. 5. In that case, upon plaintiff filing an amendment to the original petition, defendant moved to strike out the second count thereof as not being an amendment to the original petition, but when that motion was overruled the defendant pleaded the Statute of Limitations to that count.

In arriving at the conclusion, that under the facts in this case the de-defendant waived for all time its right to invoke the Statute of Limita-

tions to plaintiff's amended petition, we have in mind the line of cases which the defendant calls to our attention which lay down the broad rule to the effect that where a motion for new trial has been sustained the case then stands as though there had never been a trial. [Brayton v. Dunby (Mo. App.), 267 S. W. 450, l. c. 452; Hurley v. Kennally, 186 Mo. 225, l. c. 228, 229, 85 S. W. 357; Star Bottling Co. v. Exposition Co., 240 Mo. 634, l. c. 639, 144 S. W. 776.] This general rule, however, has its exceptions as is evidenced by those cases which we have cited above to the effect that where the defendant by answering plaintiff's amended petition after motion to strike on the ground of departure, files his answer, the defendant thereby waives for all time the right to invoke such plea. So, too, privilege, as that between a patient and physician, once being waived cannot thereafter be invoked and is therefore conclusive on retrial. [Ryan v. Met. Life Ins. Co. (Mo. App.), 30 S. W. (2d) 190, l. c. 104, and cases cited; Elliott v. Kansas City, 198 Mo. 593, 96 S. W. 1023; State v. Long, 257 Mo. 199, 165 S. W. 748.]

In the view we take of the waiver of the Statute of Limitations in this case, the trial court erred in sustaining defendant's motion to strike out, and the judgment should be reversed and the cause remanded. It is as ordered. *Haid, P. J.,* concurs; *Nipper, J.,* dissents.