BONDS F. HANEY, Appellant, v. HARRY P. THOMSON and LAWRENCE E. THOMSON, Partners Doing Business Under the Name of THOMSON BROTHERS ROCK COMPANY.—98 S. W. (2d) 639.

Court en Banc, November 10, 1936.

*Kennard & Gresham, F. M. Kennard* and *Walter J. Gresham* for appellant.

506

*G. W. Duvall, L. C. Harper* and *C. E. Thomson* for respondents.

HAYS, J.—This is an appeal bringing up the question of whether or no the plaintiff's cause of action was barred by the five-year Statute of Limitations. The question arises out of the action of the court

below in rendering final judgment against the plaintiff on demurrer offered by the defendants to plaintiff's petition herein. The plaintiff has appealed.

This is the second one of two suits filed by plaintiff on the same cause of action. The alleged error inheres in the first one, wherein after various pleadings had been filed the plaintiff took a nonsuit. The plaintiff filed the present suit, in which the petition, after stating his cause of action as before, counted upon the proceedings had and record made in the first case by way of avoiding the bar of limitations. In the present case the defendants were impleaded as indicated in the title appearing in the heading of this opinion. If any subsidiary matter in that pleading needs to be mentioned it will merely be stated as a fact in passing.

The first original petition was on December 3, 1926, filed in the circuit court against "Thomson Brothers Rock Company, a corporation," on running account, in an amount then over $7500, which accrued April 10, 1925. On May 9, 1927, at the return term answer, in the name of "Thomson Brothers Rock Company, defendant," was filed. It reads as follows: "Comes now the above named defendant and for its answer to plaintiff's petition filed herein denies each and every allegation therein contained, and specifically denies that it is a corporation. (Signed) G. W. Duvall, attorney for defendant." Appended thereto was the attorney's affidavit of substantially the same import. (Shortly, plaintiff was adjudged a bankrupt, and the cause remained *in statu quo* until August, 1928, when he was discharged from bankruptcy and the then pending action was set off to him. This circumstance, though pleaded, is not briefed as affecting limitations.) On January 3, 1931, plaintiff amended his petition to correct the allegation that Thomson Brothers Rock Company was a "corporation," and set out that the company was a partnership composed of (the individuals we indicated above), and inserted their names as doing business in Kansas City under that name, and alleged there was no other concern of any sort doing business there under that name. Summons was issued on September 15, 1931, and served on the individual copartners. On September 15, 1931, they answered by general denial only. In September, 1932, they filed amended answer, conjoining with a general denial a plea of bar by Statute of Limitations.

The counsel agree that the trial court ruled the demurrer on the theory the defendants were not in court prior to January 3, 1931, when the bar of limitations had not been interrupted and was complete. That is the theory the respondents contend for in this court. Appellant's position is that the partnership filed a general denial to the original petition and that this, then and there, constituted a general appearance by the partners before limitations had run. So it

seems that the controversy is to be determined both under established rules of procedure and practice and principles of substantive law. We now undertake to consider such of those as are brought to our attention by the counsel, and possibly others if necessary; first noting, however, a concession made by the appellant.

I. Appellant, though contending that the partnership filed a general denial to the original petition, and that this, then and there, constituted *a general appearance by the partnership* before limitations had run, concedes at the close of his brief, "*that after an amendment correcting names or descriptions of defendants, it is necessary to serve them with* new summons. Of course. That is for the reason that if they have been previously served, the summons is defective and should be amended to conform to the amendment of the petition. The amendment being made, they relate back to the filing of the petition, so far as limitations is concerned." We pause to observe that such concession, wittingly or unwittingly made, places him in a position, with reference to his said contention, where he is compelled to rely: first, on the proposition that the partnership filed the answer; second, the filing of it in the form of a general denial,—an answer to the merits—constituted a general appearance of the partnership; third, that such appearance conferred on the court the jurisdiction of the partnership as a suable entity and on the plaintiff the right to substitute the partners as defendants and to obtain jurisdiction of them by summons; and the partnership being such an entity as suit may be *maintained* against (not merely *brought* against), limitations remained suspended from the institution of the suit, and jurisdiction of the partnership continued indefinitely until plaintiff might be able or see fit to amend the petition and bring in the partners by process and maintain the suit to final recovery or defeat. It means no less. And so meaning, it confesses the lack of jurisdiction over the partners until they themselves should be brought in by summons. In such case the partners would be *new* parties in the legal sense of the term, notwithstanding the subsequent amendment made no change in the cause of action, and would have related back to the institution of the suit, and would thus have intercepted the running of limitations, had the newly made parties *not* been *defendants*. This concession overlooks the rule that general appearance *ipso facto* waives defective or any service—the very rule appellant is relying upon.

The general rule is well settled that where new parties are brought in by amendment, and by process issued thereon, the Statute of Limitations continues to run in their favor until thus made parties. [37 C. J., pp. 1066-7, sec. 502; Jaicks v. Sullivan, 128 Mo. 177, 30 S. W. 890; Hiller v. Schulte, 184 Mo. App. 42, 167 S. W. 461;

Gresham v. Talbot, 326 Mo. 517, 31 S. W. (2d) 766; Cytron v. Transit Co., 205 Mo. App. 692, 701-2, 104 S. W. 109; Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618.]

But, argues appellant, that general rule does not apply where the addition of a new defendant merely corrects a defect in the original proceedings. The text of Corpus Juris, *ibid.*, so states the rule, and proceeds to state another exception to the rule, thus: ''Nor to a case where no judgment at all can be rendered until all the parties beneficially interested are before the court, in which case the action must be deemed commenced as to all from the time it was originally instituted.''

Appellant's specially emphasized citations will now be noted: Walker v. Wabash Railroad Co., 193 Mo. 453, 92 S. W. 83; Bowen v. Buckner, 171 Mo. App. 384, 157 S. W. 829; Hirsch v. Hirsch (Mo. App.), 273 S. W. 151; Beattie v. Hill, 60 Mo. 72; Rohrbough, Moore & Co. v. Reed Bros., 57 Mo. 292.

The last-mentioned case was an action on a written lease for rent commenced before a justice of the peace. The plaintiffs were the lessors and defendants the lessees. Both parties signed the lease by their partnership names. The suit was for rent due thereon and the lease was filed as the foundation of the action with the justice. The circuit court, on appeal, on defendants' motion dismissed the suit because the names of the copartners were not set out in full. This court held on appeal that the written lease was a sufficient statement of the cause of action and was the only paper necessary to be filed by the plaintiffs in commencing their suit. The court further held that the error in stating the title in the docket of the justice was not sufficient to dismiss the suit, as it might be amended at any time before final judgment. The statute relating to justices of the peace requires nothing more by way of pleading then the filing of the written instrument which is the basis of the suit. That is the gist of this court's decision.

Walker v. Wabash Railroad Co., supra, is not at all in point. It was an action brought by the plaintiff to recover damages for the negligent killing of his minor son. The boy's name was mistakenly alleged to be Egbert, when in reality his given name was Charles. On motion the plaintiff was permitted to amend by substituting the correct name. So far as here concerned the point in judgment was whether or not the amendment set up a new or different cause of action. This court on appeal held the amendment proper on the ground the defendant was notified in the action that but one boy was killed and his identity was established by the same means in both petitions.

In Beattie v. Hill, supra, every individual concerned was in court initially and throughout the case. One of them was changed from

a defendant to a plaintiff and the title of the case amended accordingly: The case is nowise in point.

In the other cited cases an individual sued as an ostensible corporation, or partnership, or under a fictitious name, or was sued under such trade, corporate or fictitious name. Relative to that class of cases the rule was deduced from several of the class and stated thus in Bowen v. Buckner, supra, 1. c. 390: ''Where a real party in interest sues or is sued in a name by which he is known to the world and such name is the name of a natural or artificial person, the action cannot be treated as a nullity, though such name is not the real name of the parties. Of course a person or persons sued in such manner, who are not served with summons and do not appear in the case, would not be bound by the proceedings, and as to them the action would fail.'' In the language of the court, 1. c. 388: ''The determinative question before us is whether or not an action brought under that name by Bowen, the real party in interest, was a nullity because of a *lack of legal entity* in the party plaintiff, or at most *a mere misnomer* of the real party in interest and therefore a defect that might be cured.'' (Italics ours.) The individual plaintiff being a legal entity, the court ruled he was estopped in the premises. Actions of that sort involve no question of waiver by a non-legal entity through appearance entered as a defendant.

Gresham v. Talbot, supra, cited and relied upon by both sides, states the general rule in the language in which it is stated above. It affords an illustration and a fitting application of still another exception to the rule, viz.: The general rule does not apply ''to a case where no judgment at all can be rendered until all the parties beneficially interested are before the court in which case the action must be deemed commenced as to all from the time it was originally instituted.'' [37 C. J. *ibid.*] Summarizing that case, a will contest: This court ruled that it was an action *in rem* and no judgment could be rendered in such an action, a class suit, until all interested parties were before the court; that the interest of the parties was joint and inseparable; that the interest of one cannot be barred by limitations without barring the interests of all and if all are not barred none is; that in such case the bringing in of a new defendant relates back to the institution of the suit, irrespective of the ostensible bar of the Statute of Limitations. Cytron v. Transit Co., supra, was a class suit with features similar to those of the Gresham case as determining its classification. Besides, it involved the substitution of a new plaintiff. Lilly v. Tobbein, supra, also involved the substitution of plaintiffs. These cases are not pertinent to the question now before us except as stating, merely by way of contrasting situations and with reference to the matter of relation back so as to prevent the bar of

limitations, that there is a vast difference between substituting a *competent* for an *incompetent* plaintiff and bringing in a *new* defendant.

In Goldstein et al. v. Peter Fox Sons Co., 22 N. D. 636, 135 N. W. 180, cited by appellant, plaintiffs brought an action in attachment against said company, designating it by the above name, as a corporation, when in fact said company was a copartnership composed of eight partners named Fox. Property was attached under the writ. No service was made upon any of the parties except service of summons upon Anthony Fox, a partner, as an officer, agent or representative of the company charged to be a corporation. While the action was so pending the members of the partnership, by attorney, entered special appearance for the sole stated purpose of objecting to the jurisdiction of the court and moved the court to quash the service and dismiss the action. Supporting the motion were affidavits made by two of the partners, wherein they deposed that said company was not a corporation but a partnership consisting of eight partners named Fox; that no service had been made on any of them (except as we have stated above). Without notice to the copartners the plaintiff with leave filed an amended complaint wherein the copartnership relation of defendants was pleaded and the title to the cause changed accordingly. Substantially it was held on appeal that the court had sufficient jurisdiction in the cause by reason of the attachment and the levy made thereunder and the service made of the summons upon one partner to permit the amendment; that the entity, whatever its character, was proceeded against originally in the case and brought before the court as stated, and also that the amendment was proper under the statute of North Dakota. The theory of the court was that the amendment did not amount to the bringing in of new parties but merely made definite the real character of the parties sued. On this latter proposition the court cited cases from Alabama, Kansas, North Dakota and New York. It was conceded in the opinion that the conclusions stated therein were contrary to those announced in Leatherman v. Times Co., 88 Ky. 291, 11 S. W. 12, 3 L. R. A. 324, 21 Am. St. Rep. 342; Bassett v. Fish, 75 N. Y. 303; N. Y. S. M. Milkpan Assn. v. Remington Ag. Wks., 89 N. Y. 22.

Standard Hay & Grain Co. v. Ratliff Bros., 144 Ky. 161, 137 S. W. 1035, cited by appellant, was an action by a copartnership against a nominal corporation which was in fact a partnership. The partners as such entered their appearance, traversed the allegations of the petition and sought judgment on their counterclaim. No amended petition was filed. The court held that the defendants waived this by entering their appearance and joining issue upon the merits, and further held that entering judgment against defendant as a partnership when plaintiffs had proceeded against them as a corporation, was proper. Cases cited from other jurisdictions involve similar waivers to

those in that case, also pleadings and conduct of a nature to constitute a general appearance by the individual partners concerned. And in some of them it is provided by statute that a suit against a partnership is permissible and brings into court the members thereof.

Girardi v. Laquin Lbr. Co., 232 Pa. 1, 81 Atl. 63, cited by respondents, was ruled upon a record showing that after the limitation period had run, the plaintiff proposed to amend by alleging the defendant, sued as a corporation, was a partnership of the same name and composed of six designated persons. Leave to amend was denied upon the theory that under the statute of that state a new defendant was brought in; the court in summation saying: "If the effect of the amendment is to correct the name under which the right party is sued it will be allowed; if it is to bring in a new party it will be refused." The court held the effect of that amendment was to bring in a new party.

Inman et al. v. Allport, 65 Ill. 540, cited by respondents, was an attachment on substituted service on a foreign corporation. The alleged corporate defendant appeared at the return term by counsel and filed a plea of nul tiel corporation. Plaintiff with leave amended by inserting the names of the owners of the company and process was issued against them. The court held that the appearance by counsel did not confer jurisdiction authorizing a judgment in personam; that the amendment was a new proceeding; that counsel did not appear in the name of the individuals or in their behalf, but for the company when sued as a corporation, and not otherwise. However, there was no answer on the merits filed as there was in the present case.

The case of Leatherman v. Times Co., 88 Ky. 291, relied upon by respondents, is a parallel to the present case. There the plaintiff sued said company as a corporation and in the same manner as here and answer was filed in the name of the Times Company, without disclosing whether or not it was a corporation or merely a private concern. The pleadings having been made up for more than a year, the Times Company filed an amended answer, disclosing the fact it was not incorporated. Thereupon the plaintiff filed an amended petition setting up his mistake in denominating the company as a corporation and that it was a private concern, owned and its business operated by two named persons as partners. The partners were then served with summons. By answer they pleaded, among other things, that more than a year had elapsed since the cause accrued and action against them was barred by the Statute of Limitations of one year. The Court of Appeals of Kentucky held that the partners had not been made defendants until brought in as new parties, there being no such corporation in existence; that the bringing of the action against the Times Company by that name, did not have the effect of

bringing the individual members before the court, even though the original summons was served upon one of the copartners as the business manager of the supposed corporation before limitations had run. The fact that, in Kentucky, suit is not pending until process is served was not a factor in that case, nor is the fact that in Missouri suit is pending when petition is filed, a factor in the instant case; that factor was eliminated in that case by general appearance and pleading to the merits—relied upon in that case, as it is in this case, as conferring jurisdiction of the individual partners. That case was decided under the new-party-defendant rule.

II. Some of the cases considered or referred to above apply the rule that where service of process has been had upon the right party, he may be substituted as a defendant in place of one erroneously sued. So, when the person who should have been sued appears and defends, although ostensibly for a party sued by mistake (as in Boehmke v. Traction Co., 88 Ohio St. 156, 102 N. E. 700, cited by the appellant), an amendment substituting him for the party sued may be permitted. The exception to the rule, as stated in 47 Corpus Juris, page 161, section 297, is as follows: ". . . Where defendant is not a legal entity and therefore. cannot be sued, the objection cannot be cured by amendment."

As early as 1830 this court held substantially that if a suit be brought in a partnership name it would clearly be bad, a suit brought against a partnership is "bad, if not worse;" and that the law requires that the names of the partners should be set out. This court on writ of error held that the circuit court committed error in denying defendants' motion to quash the summons. [Revis v. Lamme Bros., 2 Mo. 207.] It is the common law and now the general rule, and where the question has been directly raised by appeal or certiorari, the courts are uniform in holding that in the absence of statutory authority to that effect, a partnership cannot sue or be sued in the firm name, and that a judgment rendered for or against the partnership will be reversed on appeal. [29 L. R. A. (N. S.) 283, note.] Such a statute has often been stated to recognize a firm as an entity or distinct legal person, distinct from its members. [2 Bates on Partnership, secs. 1018 and 1059.] It was said in Johnson Machinery Co. v. Watson, 57 Mo. App. 629, 1. c. 634: "This rule (that suit cannot be maintained against a partnership in its firm name in the absence of actual service on, or appearance by, the individual members of it) rests upon the principle that a firm has no legal existence apart from its members. It is a mere ideal entity. Moore v. Burns, 60 Ala. 269; Halliday v. Doggett, 60 Pick. 359; Cushings v. Marston, 12 Cush. 431; Mexican Mill Co. v. Yellow Jacket Mining Co., 4 Nev. 40; Rohrbough v. Reed Bros., 57 Mo. 292; Fowler & Wild v. Williams, 62 Mo. 403; House v. Duncan, 50 Mo. 543;

Beattie v. Hill, 60 Mo. 72; Conrades v. Spink, 38 Mo. App. 309.'' The decision in the case of Weldon v. Fisher et al., 194 Mo. App. 573, 186 S. W. 1153, reaffirms the doctrine stated in the Machinery Company's case, supra, and expressly approves like holdings made in Met. St. Ry. Co. v. Express Co., 145 Mo. App. 371, 130 S. W. 101, and Adams Express Co. v. Railway Co., 126 Mo. App. 471, 103 S. W. 583.

Even though we assume that one of the members of the firm was the person on whom the original process running against the alleged corporation was served as manager or chief officer thereof, what of it? The answer did not purport to be that of any individual himself as a partner, or to be authorized for him in that or any other capacity. The express language not only carries no such implication, but is to the contrary. A general answer for the ''defendant'' or the ''defendants,'' without naming them cannot be made to include defendants who have not been duly brought into court by process and who have not entered *their* general appearance. [Bell v. Brinkmann, 123 Mo. 270, 27 S. W. 524.]

It has been seen that mere procedural or amendable defects arising in the orderly functioning of courts of record in their disposition of proceedings over which, and of the parties thereto, they are possessed of jurisdiction; that is, of the right to proceed in due course to final judgment. Such jurisdiction is, of course, vital. This mere right of amendment to correct defects, is casual, of far less importance, and is curable under the provisions of Section 819, Revised Statutes 1929 (Mo. Stat. Ann., p. 1077); but this section has no application to this case. Lack of jurisdiction is incurable and spells death to the cause sought to be maintained without it. We hold that in the former case the circuit court did not acquire jurisdiction of these respondents prior to the time they were brought in by process directed against them individually.

Last for consideration is appellant's suggestion that by answering first by general denial in the second or instant case the respondents waived the bar of limitations. Appellant cites as supporting authority Conkling v. Lumen Mfg. Co., 225 Mo. App. 494, 34 S. W. (2d) 990. That case is not in point. It rules that when a defendant is cast on demurrer on the ground of the bar of limitations, and, instead of standing upon demurrer, files general denial, he by so doing waives the plea of limitations—an affirmative defense. The filing of amended petition is presumed to have been done with leave of court, under the code statute (R. S. 1929, sec. 823), and it does not appear that reply had been filed to the affirmative defense before amended answer was filed. [Bradley v. Phoenix Ins. Co., 28 Mo. App. 7; 37 C. J. 1227, secs. 740 and 745.] Moreover, no objection appears to have been made or exception saved by appellant.

We are of opinion the judgment below was proper and should be affirmed. It is so ordered. All concur.