DASCHKE *v.* SCHELLENBERG.

1. MECHANICS' LIENS—UNSWORN BILL—DEMURRER.
   A bill to enforce a mechanic's lien, not sworn to, as required by 3 Comp. Laws 1897, § 10719, is demurrable.

2. SAME—JURISDICTION—AMENDMENTS.
   Where defendant in a bill to enforce a mechanic's lien is served with subpœna and duly appears, he cannot object to a verification of the bill being introduced by amendment after the time within which such bills may be filed, on the ground that a sworn bill is essential to confer jurisdiction, since jurisdiction is acquired by the service and appearance.

Appeal from Wayne; Frazer, J. Submitted October 5, 1900. Decided November 13, 1900.

Bill by John Daschke and another against Harry L. Schellenberg and others to enforce a mechanic's lien. From an order overruling a demurrer to the bill, defendant Schellenberg appeals. Reversed.

*James D. May*, for complainants.

*Franklin L. Lord*, for appellant.

HOOKER, J. The complainants' bill was filed to enforce a mechanic's lien. Subpœna was duly served, and defendant appeared, and demanded a copy of the bill, which was served in due season. Thereafter defendant filed a demurrer, alleging that the bill was defective because it had not been sworn to. The court overruled the demurrer on January 16, 1900. The defendant filed a claim of appeal on February 12th. It appears to be undisputed that such bills must be sworn (3 Comp. Laws 1897, § 10719), and defendant's demurrer should have been sustained (3 Enc. Pl. & Prac. 371; 6 Enc. Pl. & Prac. 408, 409; *Sill* v. *Ketchum*, Har. Ch. 425), or, if denied, it should have been upon amendment of the bill, which is permissible, as to such defect, under 3 Comp. Laws 1897, § 10736.

Counsel argues that a sworn bill is essential to confer jurisdiction upon the court, and that it cannot be acquired by amendment after the period prescribed by law for filing a bill has expired. This was a proceeding not essential to the creation of a lien, but looking to the enforcement of one already created. Jurisdiction of the party was acquired by service of subpœna and appearance; and, if there would otherwise be any doubt of the authority of the court to save the proceeding and the lien by permitting an amendment, we consider that the statute intended to confer it.

The order is reversed, but with leave to the complainants

to amend within 30 days *nunc pro tunc* on payment of costs of the proceedings upon demurrer in both courts, failing in which the bill will be dismissed, with costs of both courts.

The other Justices concurred.