## LOEWENBERG *v.* GILLIAM.

### Opinion delivered March 19, 1904.

1. EVIDENCE—ACCOUNT.—Sand. & H. Dig., § 2972, providing that in suits on accounts the affidavit of plaintiff shall be sufficient to establish same, has no application where the account is not the subject-matter of the action, but is introduced, in an action for conversion by defendant of a crop upon which plaintiffs had a lien, to prove the amount of plaintiffs' damages. (Page 315.)

2. AMENDMENT—NAMES OF PLAINTIFFS.—Where, in an action by a firm, the names of the partners are not set out, such defect can be cured by amendment. (Page 316.)

Appeal from Howard Circuit Court.

WILL P. FEAZEL, Judge.

Action by Gilliam & Lyon against C. V. Loewenberg. Judgment for plaintiffs was appealed from and reversed.

STATEMENT BY THE COURT.

In this case the firm of Gilliam & Lyon held a mortgage executed by T. E. Jones on a crop to be raised by him to secure supplies to be furnished. Jones raised a bale of cotton, and Gilliam & Lyon claim to have furnished him supplies to the amount of $23.60. Jones without the consent of Gilliam & Lyon sold the cotton to C. V. Loewenberg, and he disposed of it, and Gilliam & Lyon sued him before a justice of the peace for the conversion of the cotton, alleging that they were damaged the amount of their account $23.60.

On the trial plaintiffs introduced no witness to prove the correctness of the account for supplies which they claim to have furnished Jones under the mortgage. The only evidence to establish the fact that the supplies were furnished is an affidavit of R. A. Gilliam, one of the plaintiffs, and attached to the account, that the account was true and correct.

Defendant objected, and saved his exceptions to the introduction of this affidavit as evidence. The court overruled the objections, and directed a verdict for the plaintiff for $23.60, and gave judgment accordingly. Defendant appealed.

*W. C. Rodgers,* for appellant.

The *onus* of establishing an affirmative is on him who alleges it. Sand. & H. Dig. § 2928; 64 S. W. 878. An affidavit is not allowable as evidence. 42 Ark. 355. No indebtedness was proven. 64 S. W. 878. A defeasance is an essential requisite of a mortgage. 1 Jones, Mortg. § 241. The members of the firm are not disclosed by the pleadings. Max. Code Pl. 270; 42 La. Ann. 1357; 150 Ind. 301; 20 S. C. 460.

*D. B. Sain,* for appellees.

The account was proved. Sand. & H. Dig. § 2972; 42 Ark. 355.

RIDDICK, J. (after stating the facts). We are of the opinion that the court erred in admitting the affidavit of Gilliam to establish the account for supplies which plaintiffs claim to have furnished Jones, the mortgagor. In suits upon accounts such

evidence is permitted by the statute. Sand. & H. Dig. § 2972. But this is not a suit on account. It is an action against a person not connected with the account, in which the amount of damages is measured by the amount of supplies furnished by the plaintiff to the mortgagor. Though it is material, therefore, to establish the amount of the account, that cannot be done by an *ex parte* affidavit, for the statute does not apply to such a case, and the account must be established as other facts are proved.

We do not think the other objections raised by defendant are well taken. If objection is made to the fact that the names of the partners are not set out, that can be cured by amendment.

Judgment reversed, and cause remanded for a new trial.