ELLA B. PARKS, Respondent, v. D. H. TOLMAN, Appellant.

Kansas City Court of Appeals, May 22, 1905.

1. **ACTION: Party: Misnomer: Married Women.** When a woman marries she loses her former name and takes that of her husband by which she must sue and be sued. Sheridan v. Nation, 159 Mo. 27, distinguished.

2. ———: ———: ———: **Statute.** The name of the party intended to be designated, whether real or adopted, should be used and the law, with or without the statute, never intended that a person might take up a name at random and use it to sue another.

3. ————: **Misnomer: Married Women: Fraud.** While a party has a right with or without reason to employ single women alone, yet when the employee marries and conceals such fact from the employer, he may not, after accepting the services, avoid payment therefor on the ground of the concealment of the marriage without showing injury by reason thereof.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*H. S. Julian* for appellant.

(1) The court should have sustained the demurrer to the evidence at the end of plaintiff's testimony, because there was an entire variance between the allegations and the proof offered to sustain them. She sues as Ella B. Parks and her proof showed she was Ella Stone. Sandeen v. Railroad, 79 Mo. 278; Cummings v. Carson, 69 Mo. 325; Sisney v. Arnold, 28 Mo. App. 569; Clements v. Yeater, 69 Mo. 623; Jones v. Loomis, 19 Mo. App. 238; Clark v. Clark, 59 Mo. App. 534; Huston v. Tyler, 140 Mo. 264. (2) The court erred in not sustaining defendant's motion to dismiss because plaintiff sued under a wrong name. Davis v. Taylor, 41 Ill. 405; Hawes on Parties to Action, secs. 3, 12, 13, Shadbourne v. Monett, 7 La. Ann. 89; Clark v. Clark, 19 Kan. 522. (3) The contracts for commissions were tainted with fraud. The court erred in refusing to give instruction numbered 3, asked by defendant, telling the jury that the utmost good faith was required between contracting parties, and that any intentional concealment or suppression of a material fact by one party vitiated it, and that party could not enforce it. Dameron v. Jamison, 4 Mo. App. 304; 1 Woodbury & Minot, U. S. C. C. R. 90; 1 Story Equity, 201-202; Smith v. Rogers, 13 Peters 26; Bench v. Sheldon, 14 Barbour (N. Y.) 66; Juzan v. Toulmin, 9 Ala. 663; Eastman v. Hoffs, 26 Ala. 741; Brown v. Gray, 51 N. C. 103. Where information is

equally accessible to both parties, a suppression by one is not a fraud, but the rule is different where it is only accessible to one. Roper v. Lodge I. O. O. F., 91 Ill. 518; Bispham on Equity, secs. 206, 213, 215; Mead v. Bunn, 32 N. Y. 275; 2 Kent's Comm., 482; Gottschalk v. Kirshner, 109 Mo. 184; Cecil v. Springer, 32 Mo. 462; Manter v. Truerdale, 57 Mo. App. 435; 14 Am. Eng. & Ency. of Law (2 Ed.), 75; McLeer v. Horey, 35 Md. 439; 2 Parsons on Contracts, 767 to 773; 2 Kent's Comm. (11 Ed.), 651.

*Ralph S. Latshaw* for respondent.

(1) Appellant's assignment of error numbered 1, 2, 3 and 4, all relate to appellant's complaint that plaintiff, whose name was Ella Parks, when she entered defendant's employ, afterwards, and while in his employ was married and became Ella Parks Stone, and instituted this suit in the former name. Appellant "has taken the wings of the morning and flown to the uttermost parts of the earth" to find authority to sustain his contention, but the authorities cited do not so hold, and the Supreme Court of Missouri, in the case of Sheridan v. Nation, 159 Mo. 42. (2) There was no agreement on the part of plaintiff, and it was no part of her contract of employment to defendant to remain single. Indeed, such a contract would be against public policy and void. Koehler v. Feuerbacher, 2 Mo. App. 14.

ELLISON, J.—This action was begun before a justice of the peace and is based on the following account:

"Kansas City, Mo., Feby. 16, 1903. D. H. Tolman to Ella B. Parks, Dr. To services rendered as joint manager of time buying agency at Kansas City, Mo., from August, 1900, to February, 1903, $250.00."

The evidence showed that more than two years prior to the institution of the suit, and a few weeks after

plaintiff engaged in defendant's service, she married a man by the name of Stone, and that they were husband and wife at the institution of the suit, and that she was known to her friends and acquaintances as a married woman, though she did not communicate the fact of her marriage to the defendant who resided in Chicago, Illinois, and she corresponded with him under the name in which she brought this suit, that being her maiden name. The defendant duly called attention, before trial, to the defect and asked that the cause be dismissed. The point was overruled. We are of the opinion that it should have been sustained. When plaintiff married Mr. Stone she lost her former name and took that of her husband. In other words, her legal name became Stone, and by that name she should sue and be sued. It is quite true that a person may take up some other than his real name and become known to the world by the adopted name, and by that he may sue and be sued. And so one may use a name not real and in many instances be bound by estoppel. But we have no such condition of case before us. It seems that reliance is had upon a recent case in the Supreme Court (Sheridan v. Nation, 159 Mo. 27) but it has no application to the facts disclosing this plaintiff's situation. The plaintiff in that case executed a deed of trust as Elizabeth Sheridan. She had been married to a man named Sheridan. On his death she married a man named Ferry, and then separated from him and resumed the name of her former husband, Sheridan, and so continued to be known and recognized by the latter name for several years, when she executed the deed of trust and thereafter instituted the action in that case in the name of Sheridan to redeem. The court held that the suit might be maintained in the latter name and said that, the Legislature in requiring an action to be brought in the name of the real party in interest had "little thought of the question as to the particular name by which the litigant might have been designated in the

113 app—2

birth records of the family, or the marriage records of the church or county." I take it that the statute only had for its object a permission for the real party in interest to sue and was not aimed to cover the question of the name of such party; the statute assuming the correct names would be used in designating the party.

But in point of fact, without regard to the statute, the law does now, and has always, required that a party in using a name as a party to a suit should use the name of the person intended to be designated, whether that be real or adopted. The law, with or without the statute, never intended that a person, in the absence of adoption or estoppel, might take up any name at random, and make use of it to sue another. This plaintiff's name when she instituted this action was not Parks, nor was she known and received by that name. She continued her correspondence with defendant under the name of Parks, but that, according to her statement, was without any reason further than that she thought her marriage was no concern of his.

The further point is made by defendant that plaintiff understood that he would not employ married women in his service. That he considered it detrimental and for reasons sufficient to himself he would not employ a married woman, nor would he retain one in his service who was married. It is sufficient to say of this that when plaintiff entered defendant's service she was single. And there is no evidence to show that her marriage interrupted her service to defendant or lessened it in value to him, or that he was damaged or injured thereby. We are of the opinion that it was defendant's right to employ single women only. And that if a married woman contracted to serve him and did engage in his service by concealing the fact that she was married thereby deceiving him, he could on that account avoid and put an end to the contract at any time he discovered that she was married.

"If there be an intentional concealment or suppression of material facts in the making of a contract, in cases in which both parties have not equal access to the means of information, it will be deemed unfair dealing and will vitiate and avoid the contract." [2 Kent's Com., 482.] "If the fraud be such that, had it not been practiced, the contract could not have been made or the transaction completed, then it is material to it, but if it be shown or made probable that the same thing would have been done in the same way if the fraud had not been practiced, it cannot be deemed material." [McAleer v. Horsey, 35 Md. 452.] But it does not follow that in the absence of evidence of harm or injury in any way, he can avoid payment for the value of services performed and accepted before he does put an end to it, and we are of the opinion that he cannot.

The judgment is reversed and the cause remanded. All concur.