## KLEINERT v. KNOOP.

1. Mechanics' Liens — Enforcement — Intervention — Bill — Sufficiency — Parties — Amendment.

   A petition by interveners in a mechanics' lien suit filed under section 10719, 3 Comp. Laws, is not fatally defective because describing petitioners as "F. Bros.," but may be amended so as to set out the names of the persons composing the firm.

2. Same — Affidavit of Claim — Sufficiency.

   An affidavit for a mechanics' lien, conforming substantially with the form given in the statute, except that it does not state that the material was furnished in pursuance of a contract with the principal contractor or any other person, but which does state that the material was furnished for improving the premises and that the owner knew that the material furnished the contractor was to be supplied by claimant, is sufficient.

Appeal from Saginaw; Gage (William G.), J. Sub-

mitted January 22, 1907. (Docket No. 72.) Decided March 5, 1907.

Bill by William Kleinert against Charles Knoop, Henry F. Mertz, and Minnie Mertz to enforce a mechanic's lien. Furstenberg Bros. petitioned for leave to intervene. From an order denying the petition, petitioners appeal. Reversed.

*William E. Crane,* for petitioners.

*Beach, O'Keefe & Rockwith,* for defendants Mertz.

OSTRANDER, J. In proceedings undertaken to foreclose a mechanic's lien, appellants, claiming to be lienors, and not having been made parties, asked for leave to intervene, setting out with their application a copy of the affidavit for lien and attached statement of account. Their application was denied, and from the order made they have appealed.

The objections come from the owners of the property, defendants, who claim that appellants' petition and their affidavit for lien filed with the register of deeds are both defective. The defects in the affidavit which are pointed out are (1) that it cannot be determined therefrom what persons compose the firm of Furstenberg Bros.; (2) it does not set out that the principal contractor, Knoop, had a contract with Mertz and his wife, the owners, for building, altering, or improving the property; (3) it does not set out that appellants furnished material with the understanding or knowledge that it would be, or under any contract that it should be, furnished for the house of Mertz. It is claimed the petition for leave to intervene is defective, because it does not state the names of the members of the firm of Furstenberg Bros.

Considering the objection to the petition, it may be assumed that, upon obtaining leave so to do, appellants would have set out, upon the record, the full, individual names of the persons composing the firm. The statute provision is, 3 Comp. Laws, § 10719:

" And all persons holding like liens or having filed notice of intention to claim a lien, * * * may make themselves parties thereto on motion to the court, and notice to complainant, and may file their intervening or cross-bills or answers. * * * "

Petitioners describe themselves as " Furstenberg Bros., of the city of Saginaw, Mich.," and connect themselves by averments with the contractor and the owners of the property. The objection is technical, and, if appellants have otherwise the right to intervene, will not be allowed to defeat the right. They may be permitted now to amend. The proceeding in which the petition is filed is one to enforce, not one to create, a lien. *Daschke* v. *Schellenberg*, 125 Mich. 216.

Whether appellants have properly asserted a lien depends upon whether there has been a compliance with the statute. In all essentials, the statute must be followed. 3 Comp. Laws, § 10736; *Smalley* v. *Terra-Cotta Co.*, 113 Mich. 141. A lien is given (3 Comp. Laws, § 10710) to any person furnishing services or materials in pursuance of any contract, express or implied, written or unwritten, existing between himself as contractor and the owner of the real estate to be improved, and to every person who, as a materialman, furnishes material to such original or principal contractor, or any subcontractor, in carrying forward or completing any such contract. To avail himself of the benefits of the statute, the materialman must make and file, himself or by his agent or attorney, a verified statement of the demand due him, over and above all legal set-offs, the time when such materials were furnished, and for whom, a correct description of the property to be charged with the lien, and the name of the owner, if known. A form of affidavit is given in the statute. The affidavit in question conforms precisely with the statute, and also conforms substantially with the form referred to, except that it does not state that the material was furnished in pursuance of a contract with the principal contractor or any other person. In place of this, the

affidavit does set out that the material was furnished for altering and improving the premises, and that the person named as owner was informed and advised "that the lumber and material furnished to the contractor, Charles Knoop, was to be supplied by the firm of Furstenberg Bros." It also states the sum due "over and above all legal set-offs or other demands that might be held by the contractor." The list of items attached is headed, "Charles Knoop to Furstenberg Bros., Dr." The affidavit purports to have been made by Fred Furstenberg, described as "of the firm of Furstenberg Bros.," a resident of the city of Saginaw, Mich., "for and in behalf of said firm of Furstenberg Bros., dealers in building material." There is no omission of essentials. It will be assumed that where a copartnership is claimant, the name of the firm affords the necessary information to the owner of the property.

The decree is reversed, and an order will be entered, permitting appellants to intervene in the cause. The record will be remanded for further proceedings.

CARPENTER, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.