C. K. BOWEN, doing business as THE KANSAS CITY VIEW COMPANY, Appellant, v. THOMAS B. BUCKNER, Respondent.

Kansas City Court of Appeals, June 2, 1913.

1. PARTIES TO ACTION: Trade Name: Real Party in Interest. Where a real party in interest sues, or is sued, in a name by which he is known to the world and such name is the name of a natural or artificial person, the action cannot be treated as a nullity. though such name is not the real name of the party.

2. ———: **Name Adopted: Fraud.** In the absence of fraud, a person may do business and execute contracts in any name he or she has chosen to assume and has a perfect right to sue and be sued in such name.

3. ———: **Pleading: Misnomer.** A civil action can be maintained only against a legal person, but that if the fault of the petition consisted of the misnomer of a legally existing defendant, the plaintiff has a true action, subject only to defendant's right to object at the threshold for misnomer.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

REVERSED• AND REMANDED.

*E. W. Wright* for appellant.

(1) The court erred in sustaining defendant's motion for change of venue. Eudaley v. Railroad, 186 Mo., 403; Guy v. Railroad, 197 Mo. 181; Priddy v. Raice, 201 Mo. (2) The court erred in sustaining defendant's motion to dismiss plaintiff's appeal. Conrad Co. v. Spinks, 38 Mo. App. 309; Machine Co. v. Watson, 43 Mo. App. 338; Parks v. Talman, 113 Mo. App. 17; Express Co. v. Street Railway, 126 Mo. App. 471; Wagner v. Gray, 145 Mo. App. 543; Street Railway v. Express Co., 145 Mo. App. 371; Hose v. Duncan, 50 Mo. 453; Beattie v. Hill, 60 Mo. 72; Fowler & Wild v. Williams, 62 Mo. 403; Davis v. Kline, 76 Mo. 310; Lilly v. Tobbin, 103 Mo. 489; Sheridan v. Nason, 159 Mo. 27.

*John I. Williamson* and *Thomas B. Buckner* for respondent.

Suits must be brought in the name of the real parties in interest. R. S. 1909, sec. 1724. The suit to be in the name of the real party in interest must be in their true names. Bliss on Code Pleading, Secs. 145, 146, and cases there cited. A civil suit or action

can be commenced only by an actual, legal person existing at the time the suit is brought, and if not so brought it is an absolute nullity void *ab initio* and is incapable of amendment. Street Railway v. Express Co., 145 Mo. App. 371, and cases there cited. When a suit has been attempted to be brought but not by a legal person or not against a legal person, no new person by amendment can be made plaintiff or defendant after the statute of limitations has run. Jaicks v. Sullivan, 128 Mo. 177. The record shows the application for a change of venue was filed after the motion to dismiss had been submitted to the court, the evidence heard on said motion, that "Kansas City View Company" was not a corporation, the whole question argued and briefs submitted and the judge had anounced what his decision would be on the motion. Such a motion came too late. Junior v. Electric Power Co., 127 Mo. 79.

JOHNSON, J.—This suit was commenced July 27, 1910, before James H. Richardson, a justice of the peace for Kaw township, Jackson county, Missouri, upon an account. The statement filed by plaintiff was made out on a printed bill head of the "Kansas City View Co.," and stated that on August 11, 1905, that concern had made and delivered to defendant certain portraits for the price of $100. The statement did not disclose whether or not the Kansas City View Company was a corporation, or other artificial entity, but at the top in one corner the name "C. K. Bowen, President," was printed in small type. Summons was issued in the name of the Kansas City View Company as plaintiff and served on defendant who, afterward, appeared before the justice and on September 15, 1910, filed a motion to dismiss the action on the grounds that "plaintiff is not a corporation; that there is no such person as the Kansas City View Co.; that said suit was not brought by the real

party in interest; and that the Kansas City View Co. has no legal capacity to sue in the courts of this State." The court overruled the motion and allowed the statement to be amended by the substitution as plaintiff of "C. K. Bowen, doing business as Kansas City View Company."

The suit was commenced about two weeks before the account would have been barred by the Statute of Limitations but the amendment was made after that date. Defendant filed an answer in which he attacked the amendment and pleaded the Statute of Limitations. On successive changes of venue taken by the respective parties the suit finally came before M. H. Joyce, another justice of the peace for Kaw township, where it was tried, resulting in a verdict for defendant. Plaintiff apealed to the circuit court and defendant moved to dismiss the appeal on the following grounds:

"1st. Because this suit as appears by the record was originally instituted by the Kansas City View Co. which is not a legal being and is not possessed of the legal capacity to sue or be sued.

"2nd. Because the pretended amendment of the pretended cause of action is and was a nullity because not made as by law required.

"3rd. Because as appears by the record said pretended amendment was attempted to be made after said alleged cause of action was barred by the Statute of Limitations.

"4th. Because said attempted amendment was a nullity for the reason that there was no action pending at the time and nothing to amend by."

This motion was sustained and the appeal dismissed, whereupon plaintiff, in due course of procedure, brought the case here by appeal.

The parties agree that the Kansas City View Company had no corporate existence. It was the trade name under which Bowen was doing business

with the public and the determinative question before us is whether or not an action brought under that name by Bowen, the real party in interest, was a nullity because of a lack of legal entity in the party named as plaintiff, or, at most, was a mere misnomer of the real party in interest and, therefore, a defect that might be cured by amendment. If a mere misnomer the amendment did not change the cause nor inject a new party into the action and in that view the issue of limitation would drop out of the case since the action was instituted before the account would have become barred had no suit been brought upon it.

The courts of this State have held repeatedly that "amendments are allowed expressly to save the cause from the Statute of Limitations and courts have been liberal in allowing them when the cause of action is not totally different." [Lottman v. Barnett, 62 Mo. l. c. 170; Lilly v. Tobbein, 103 Mo. l. c. 490; Courtney v. Blackwell, 150 Mo. l. c. 271; Cytron v. Transit Co., 205 Mo. l. c. 700.]

In House v. Duncan, 50 Mo. 453, the plaintiffs sued in their partnership name in a justice court and the action was dismissed in the circuit court notwithstanding plaintiff's offer to amend. The Supreme Court held:

"We think the decision of the court was wrong. Amendments are favored and should be liberally made in furtherance of justice. When a cause is appealed from a justice of the peace to the circuit court, it is tried upon its merits, and the only prohibition against making amendments is that the cause of action shall not be changed. [Wagn. Stat. 850, sec. 19.] Now the rectifying the mistake in the name of a party, or bringing in a new party, in nowise changed the cause of action."

A similar case was before the court in Beattie v. Hill, 60 Mo. 72, where it is said, "No new or different

cause of action was proposed to be introduced. The controversy remained the same as it was originally, and the parties were the same, the only difference being that the statement cured a defect in the description of the parties.''

And in another case of the same nature, Fowler v. Williams, 62 Mo. l. c. 404, it is said, ''Where the declaration is in the name of a firm, if advantage is sought to be taken of the defect, it should be done by a suitable motion before the trial is closed, so as to give the parties an opportunity to amend. If no such motion is made and the case proceeds to judgment, the judgment will not be void but will be good after verdict.''

To the same effect are the cases of Davis v. Kline, 76 Mo. 310; Lilly v. Tobbein, supra; Conrades v. Spink, 38 Mo. App. 309; Williams v. Kitchen, 43 Mo. App. 338.

In Sheridan v. Nation, 159 Mo. 27, the plaintiff, who had twice married, sued in her former name which she had resumed and had become known by. The court held that the action could be prosecuted in that name, saying, in part: ''The statute requiring actions to be brought in the name of the real party in interest, is no prohibition against suits being brought in a name other than that by which one has been christened and has received from his or her parents, or that of the husband, where the party suing is a married woman. It was the real party in interest as he or she is known in the business world, and in courts where business differences are adjusted and settled, that the authors of the statute had in mind, when section 540, Revised Statutes 1869, was enacted, with little thought of the question as to the particular name by which the litigant might have been designated in the birth records of the family or the marriage record of the church or county. It is the individual identified that the law desires, not a record appella-

tion, by which one was known in former years, established. It is entirely settled, both by the elementary writers and adjudicated cases, that in the absence of fraud, a person may do business and execute contracts in any name he or she has chosen to assume and has a perfect right to sue and be sued in such name.''

We had before us in Parks v. Tolman, 113 Mo. App. 14, a case where a married woman who was known by her marital name brought suit in her maiden name. We held that the action could not be maintained in that name. Speaking through ELLISON, J., we said: ''It is quite true that a person may take up some other than his real name and become known to the world by the adopted name and by that he may sue and be sued. And so one may use a name not real and in many instances be bound by estoppel. . . . But in point of fact, without regard to the statute, the law does now, and has always, required that a party in using a name as a party to a suit should use the name of the person intended to be designated, whether that be real or adopted. The law, with or without the statute, never intended that *a* person, in the absence of adoption or estoppel, might take up any name at random, and make use of it to sue another.''

In Railroad Co. v. Express Co., 145 Mo. App. 371, a defendant that had no legal entity was sued. We held that a civil action can be maintained only against a legal person but that if the fault of the petition consisted of the misnomer of a legally existing defendant, we would hold that the plaintiff had a true action, subject only to defendant's right to object at the threshold for misnomer.

The cases we have reviewed are found, on analysis, to be harmonious and from them the rue may be deduced that where a real party in interest sues or is sued in a name by which he is known to the world and such name is the name of a natural or artificial

person, the action cannot be treated as a nullity, though such name is not the real name of the party. Of course a person or persons sued in such manner who are not served with summons or do not appear in the case would not be bound by the proceedings, and as as to them, the action would fail. [Railroad Company v. Exp. Company, supra.] But where the real party is designated by a name he has adopted and become known by, and is brought into court, no reason can be perceived for dismissing the action on the ground of the lack of a legal plaintiff or defendant.

Bowen had been doing business with the public in the name of a corporation that had no legal existence. But in holding himself out to the world as the president and manager of a nonexistent corporation he became responsible personally for all of the acts he performed or the contracts he made in his trade name and would be estopped from repudiating them. If a judgment were recovered against the *pseudo* corporation, he would not be heard to resist the execution on the ground that there was no. such corporation and his property would be subject to the levy. We think there was a misnomer of the real party in interest, but since the misnomer was descriptive of the real plaintiff, was the name under which he was doing business with the public and by which he might be sued, we hold there was no lack of a legal entity before the court and that the amendment allowed by the justice was proper.

The case of Railroad v. Dalton Marble Works, 122 Ga. 774, 50 S. E. 978, differs from the case in hand since the name Dalton Marble Works was not the name of a natural or artificial person nor of a partnership. The same may be said of the cases of Steamboat v. Wilson, 11 Ia. 479, and Estate of Columbus v. Monti, 6 Minn. 403. In each of those cases there was an apparent lack of legal personality in the claimant (30 Cyc. p. 28), while here there was not

only an apparent legal personality but a true designation of the real plaintiff. In view of what has been said in the cases decided in this State, especially in Sheridan v. Nation, supra, we think the spirit, if not the letter of our statutes relating to amendments in justice courts would be violated should we hold the amendment to have been improperly allowed.

The judgment is reversed and the cause remanded. All concur.