## CRABTREE v. MARKHAM LUMBER CO.
### (No. 2504.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 20, 1922. Rehearing Denied March 2, 1922.)

1. Parties ⟨Key⟩95(5)—Process ⟨Key⟩6—Petition amended by substituting individual members' names, after answer to merits, without citation of defendants.

While a partnership is not a legal entity and must sue in the name of the individual partners, an original petition filed in the firm name is subject to amendment, even after answer to the merits without new citation to defendants.

2. Limitation of actions ⟨Key⟩121(2)—Filing amended petition not beginning of a new action within statute.

Where a pleading was amended to prosecute an action in the names of partners instead of the firm name, the filing of the amendment was not the beginning of a new action, and the running of limitations was arrested by the original petition.

Appeal from Hopkins County Court; Homer L. Pharr, Judge.

Action by the Markham Lumber Company against Thomas F. Crabtree. From judgment for plaintiff, defendant appeals. Affirmed.

T. J. Flewharty and Connor & Ramey, all of Sulphur Springs, for appellant.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellee.

HODGES, J. The Markham Lumber Company, appellee in this appeal, is a partnership composed of George Markham and J. L. Markham. On August 8, 1920, the suit was filed in the name of the Markham Lumber Company against the appellant, Crabtree. The object of the suit was to recover the sum of $392.64 with interest and attorney's fees, alleged to be due on a note executed by Crabtree and which has matured on October 1, 1916. The appellant answered denying any liability on the note, but failed to raise any objection on account of the suit being prosecuted in the firm name and not by the individual partners. Later, however, and after more than four years from the maturity of the note, the appellant did raise the objection by a motion to dismiss. The original petition was then amended and the suit prosecuted in the name of the individual partners. Appellant in reply set up the statute of limitations as a defense, claiming that the suit as originally filed in the name of the firm, omitting the names of the individual partners, did not arrest the running of the statute of limitations against the debt. The court overruled that objection, and a judgment was rendered in favor of the appellees George and J. L. Markham for the amount sued for.

[1, 2] The proposition urged on appeal is that the court erred in that conclusion. While it is true that a partnership is not a legal entity and must sue and be sued in the names of the individuals who compose it, an original petition filed in the firm name is subject to amendment. Such an amendment can be made after an answer to the merits, as in this case, without the issuance of a new citation to the defendants who have been sued. The filing of the amendment is not, therefore, the beginning of a new and different suit. The debt is the same in both instances, and limitation was arrested by the filing of the original petition, although that instrument was defective. Missouri, etc., Ry. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; Amarillo Commercial Co. v. C., R. I. & G. Ry. Co. (Tex. Civ. App.) 140 S. W. 377; Bowen v. Buckner, 171 Mo. App. 384, 157 S. W. 829; Loewenberg v. Gilliam, 72 Ark. 314, 79 S. W. 1064; Kleinert v. Knopp, 147 Mich. 387, 110 N. W. 941; Morgridge v. Stoeffer, 14 N. D. 430, 104 N. W. 1112; 20 R. C. L. p. 921, § 135; Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455.

The judgment is affirmed.

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes