## J. L. JONES & CO. v. DARDEN.
### No. 3414.

Court of Civil Appeals of Texas. Amarillo.
May 21, 1930.

Rehearing Denied June 18, 1930.

Sanders & Sanders, of Spur, for appellants.

W. D. Wilson, of Spur, for appellee.

HALL, C. J.

September 2, 1929, this suit was filed by the appellants to recover of appellee upon a promissory note in the principal sum of $300, with interest and attorneys fees. The note was due and payable October 1, 1925. In the original petition, appellants, J. L. Jones & Co., are described as a corporation. On the 7th day of October, 1929, the appellee filed his sworn answer alleging that appellants were not a corporation but constituted a partnership. This plea attacking the right of the appellants to recover in the capacity of a corporation was never presented nor acted on by the court. On October 24, 1929, the appellants filed an amended petition, and, according to its recitations, the amendment was filed by leave of the court for the purpose of amending the original petition theretofore filed on the 2d day of September, 1929.

The amendment describes the appellants as J. L. Jones & Co., a partnership composed of Lennis W. Jones, J. M. Steel, and Chester Jones, and alleges that the parties were such partners on the 20th day of June, 1925, and are still partners, doing business under said partnership name. The amendment sets up no new cause of action, and, though it was filed after four years from the maturity of the note, the original petition seeking to recover upon the same cause of action was filed within the limitation period.

As stated by appellee, there is but one question presented by this appeal, and that is whether filing the suit in the name of "J. L. Jones & Company, a corporation," would interrupt the running of the statute of limitation (Rev. St. 1925, art. 5527), in favor of the defendant, Darden, against individuals constituting a partnership, doing business under the firm name of J. L. Jones & Co., when the individual partners were substituted as plaintiffs by an amended petition filed on October 24, 1929, after the full period of limitation had expired. It is settled that an amended petition which sets up a new or independent cause of action from that alleged in the original petition does not toll the statute, but, as stated, no new cause of action is alleged, and it appears that there had been a misnomer of the plaintiffs in the original petition which was corrected by the amended petition. An amendment for the purpose of correcting a misnomer is always proper, and is permitted by the court upon such terms as the court may impose. Cartwright v. Chabert, 3 Tex. 261, 49 Am. Dec. 742. It is clear from the record that the misnomer is a result of a misunderstanding upon the part of appellant's counsel in instituting the suit, and amendment correctly naming the plaintiff was proper. Howard v. Stahl (Tex. Civ. App.) 211 S. W. 826.

"J. L. Jones & Company" is the designated payee in the note. The amendment shows that J. L. Jones & Co. is the firm name of the three parties composing the partnership and is not a corporation as stated in the original petition, so the amendment brought in no new parties in interest. It only changed the capacity in which plaintiff sued,

and is not the institution of a new suit, and would not be barred by the limitation statute when the cause of action is the same in both pleadings, Crabtree v. Markham Lbr. Co. (Tex. Civ. App.) 238 S. W. 368; Trammell v. San Antonio Life Ins. Co. (Tex. Civ. App.) 209 S. W. 786; I. & G. N. Ry. v. Reed (Tex. Civ. App.) 203 S. W. 410, and this is true even though the plaintiff named in the original petition could not have recovered in the capacity in which he first sued. Davis v. Gant (Tex. Civ. App.) 247 S. W. 576. Where suit is brought upon a negotiable instrument in the name of the payee named in it, the statute is tolled in favor of the true owner, although the latter does not intervene or become a party to the record until after the bar would, but for the filing of the suit, have attached. The holding is that an intervention does not constitute a new cause of action. Russell v. People's National Bank of Belton (Tex. Civ. App.) 2 S.W.(2d) 961, and authorities cited. If the suit is filed originally by an agent or by one holding the negotiable instrument in his own name, as payee, the real owner of the instrument may be made a party or intervene after the limitation period has attached, and may nevertheless recover because the original filing of the suit interrupts the running of the statute. If the plea questioning the right of appellants to recover in the capacity in which they originally sued had not been filed, the judgment could not have been collaterally attacked, since the note was payable to J. L. Jones & Co., whether a corporation or a partnership. Corder v. Steiner (Tex. Civ. App.) 54 S. W. 277; Smith v. Chenault, 48 Tex. 455. The rule has been extended until it is held that the suit by an individual interrupts the running of the statute and that the plaintiff may later amend and sue in a representative capacity. Davis v. Gant (Tex. Civ. App.) 247 S. W. 576. The court erred in sustaining the exception and in dismissing the case.

Reversed and remanded.