For the error heretofore discussed, the judgment of the trial court is reversed and the cause remanded.

On State's Motion for Rehearing.

CHRISTIAN, Judge.

After re-examining the record in the light of the state's motion for rehearing, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## LEDBETTER et ux. v. MOFFETT et al.

### No. 4635.

Court of Civil Appeals of Texas. Amarillo.

Sept. 18, 1936.

O. L. Bell, of Quanah, for appellants.

Sam Robinson, of Wichita Falls, and C. Y. Welch, of Quanah, for appellees.

JACKSON, Justice.

On February 27, 1931, W. L. Ledbetter and wife, Emma, for a loan of $3,233.80, executed and delivered their promissory note to "The Bank of Chillicothe, Chillicothe, Texas (Unincorporated)," payable on October 1st thereafter. On the same day they executed their deed of trust covering certain land therein described to S. H. Crossley, trustee, to secure the payment

of their said note to "The Bank of Chillicothe (Unincorporated) of Chillicothe, Texas."

The Ledbetters defaulted in payment, and on September 17, 1935, a suit was filed in the district court of Hardeman County on a petition in which the parties are named as follows: "Now comes the Bank of Chillicothe, unincorporated, with O. H. Dodson with power of attorney, * * * complaining of W. L. Ledbetter and wife, Emma Ledbetter, * * * hereinafter styled defendants, and for cause of action herein says."

The allegations, pleading a cause of action for recovery on the note and a foreclosure of the lien, stating the date when made, when due, the amount of the debt, the land encumbered, that plaintiff is the owner of the note and lien, are sufficient and are followed by a proper prayer.

The defendants, among other defenses, answered by plea of nonjoinder of parties, claiming: "That the Bank of Chillicothe is a partnership composed of a number of individuals trading under that name. That this suit is brought in the name of The Bank of Chillicothe with O. H. Dodson with power of attorney. That O. H. Dodson does not have such power of attorney to bring such suit."

On October 5, 1935 the case was called, the parties announced ready for and proceeded with the trial, but before the termination thereof the agreement of the parties in the record shows that by permission of the court the plaintiff withdrew the announcement of ready and was granted permission by the court to file an amended petition. This was done October 14th thereafter, and in the amended petition the parties are named as follows: "Now comes the plaintiffs F. L. Moffett, George Moffett, O. H. Dodson, W. S. Dodson, L. G. Hawkins and Dewey Marsh, by permission of the court, and amends their petition herein, and for amendment say that they are partners and doing general banking business under the firm name of The Bank of Chillicothe at Chillicothe in Hardeman County, Texas."

The other allegations as to the cause of action on the note and deed of trust in the amended petition are substantially the same as the allegations made in the original petition. After the filing of the amended petition, the defendants answered by a plea of limitation.

On a trial before the court the plaintiffs recovered judgment for their debt against W. L. Ledbetter and a decree foreclosing their lien against both defendants.

The due date of the instruments and the date of filing the amended petition show, and, in fact, it is conceded, that at the time the amended petition was filed the debt was barred by the statute of four-year limitation (Vernon's Ann.Civ.St. art. 5527), unless the filing of the original petition was sufficient to interrupt the running of said statute.

It will be noted that the party designated as "O. H. Dodson with power of attorney" in the original petition was named in the amended petition as a member of the firm of the Bank of Chillicothe.

"Usually the filing of a suit interrupts the running of the statute only as to plaintiffs who are named in the petition. * * * On the other hand, the commencement of a suit suspends the running of the statute as to persons to whom the cause of action subsequently is assigned, and in some cases the commencement of a suit by a partner is sufficient to toll limitation as to members of the firm who are not joined as parties." 28 Tex.Jur. 200, par. 107.

"Where suit is wrongfully commenced in the firm name of a partnership, an amendment setting forth the names of the partners does not constitute the institution of a new proceeding, but limitation is arrested at the time of the filing of the original petition." 28 Tex.Jur. 204, par. 110.

"While it is true that a partnership is not a legal entity and must sue and be sued in the names of the individuals who compose it, an original petition filed in the firm name is subject to amendment. Such an amendment can be made after an answer to the merits, as in this case, without the issuance of a new citation to the defendants who have been sued. The filing of the amendment is not, therefore, the beginning of a new and different suit. The debt is the same in both instances, and limitation was arrested by the filing of the original petition, although that instrument was defective. Missouri, etc., Ry. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134; Amarillo Commercial Co. v. C., R. I. & G. Ry. Co. (Tex.Civ. App.) 140 S.W. 377; Bowen v. Buckner, 171 Mo.App. 384, 157 S.W. 829; Loewenberg v. Gilliam, 72 Ark. 314, 79 S.W. 1064; Kleinert v. Knoop, 147 Mich. 387, 110 N. W. 941; Morgridge v. Stoeffer, 14 N.D.

430, 104 N.W. 1112; 20 R.C.L. p. 921, § 135; Fuller v. El Paso Times Co. (Tex. Com.App.) 236 S.W. 455." Crabtree v. Markham Lumber Co. (Tex.Civ.App.) 238 S.W. 368.

See, also, Camden Fire Ins. Ass'n v. Eckel et al. (Tex.Com.App.) 14 S.W.(2d) 1020; J. L. Jones & Co. v. Darden (Tex. Civ.App.) 29 S.W.(2d) 479.

Under the record and authorities, in our opinion the original petition was sufficient to interrupt the running of the statute of limitation pleaded by the defendants.

The judgment is affirmed.