## EDWARDS et al. v. DUNLAP.

### No. 4641.

Court of Civil Appeals of Texas. Amarillo.

Oct. 5, 1936.

Rehearing Denied Nov. 9, 1936.

Carl Gilliland and James C. Gilliland, both of Hereford, for plaintiffs in error.

W. H. Russell, of Hereford, for defendant in error.

HALL, Chief Justice.

March 22, 1927, Eli Dunlap filed his original petition in the county court of Deaf Smith county to recover upon a promissory note in the principal sum of $392.47, dated December 27, 1922, due ninety days from date, and providing for 10 per cent. attorney's fees on the principal and interest. The suit was filed four days before it would have been barred. He alleged that the note was signed "Edwards Owen" or "Edwards and Owens."

On October 7, 1929 he filed his first amended petition, alleging that the date "1902" was a clerical error and should have been 1922. He further alleged that S. B. Edwards and G. P. Owen made, executed, and delivered the following instrument, setting out the note in full. The note is signed as follows: "Edwards Owen By G. P. O."

By way of explanation, plaintiff alleged that the note was signed "Edwards Owen By G. P. O.," meaning thereby the defendants herein, S. B. Edwards and G. P. Owen. That the signature "Edwards" was, is, and meant S. B. Edwards, and the said "Owen" was, is, and meant G. P. Owen, and the "By G. P. O." meant that said G. P. Owen executed said note, signing the name "Edwards Owen" to said note. He further charged that S. B. Edwards and G. P. Owen were engaged in operating a farm as partners, doing a general farming and stock-raising business; that Dunlap Hardware Company was engaged in the general hardware business, and Edwards and Owen purchased goods, wares, and merchandise from said Company for the use and benefit of said copartnership in operating said farm; and that said note was executed in payment therefor for the use and benefit of said copartnership. He alleged the purchase of said note from Dunlap Hardware Company before maturity for value, and that he is now the legal and equitable owner and holder of same.

It appears that the original petition was filed before the running of the statute of four-year limitation (Vernon's Tex.Civ.St.1936, art. 5527), and the amended petition was filed afterward; but it clearly appears that both pleadings declare upon the same instrument in writing, which grows out of the same transaction.

The appellant urged a general demurrer and several so-called special exceptions, which are in effect general demurrers to specific allegations in the petition, to the plaintiff's pleading. One of said special exceptions set up the defense of limitation of four years.

The case was tried to the court without a jury, and the transcript is before us without a statement of facts or findings and conclusions by the court.

The court properly overruled all the demurrers, and especially the exception urged upon the ground of limitation, for the reasons set out in the opinion in the

case of Ledbetter et ux. v. F. L. Moffett et al., 96 S.W.(2d) 990, recently decided by this court, in which Judge Jackson held that because the allegations as to the cause of action on the note and deed of trust in the amended petition were substantially the same as the allegations in the original petition, no new cause of action had been set up, and limitation did not apply, citing and quoting from numerous authorities.

Limitation does not apply in this case for the further reason that the Forty-Second Legislature amended the law of limitations in 1931, as shown by the Acts, p. 194, c. 115, § 1 (Vernon's Texas Civil Statutes Centennial Edition, 1936), which is as follows: "Article 5539b. Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading cause of action, cross-action, counterclaim or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction or occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require." This act is applicable to the conditions shown in the record. 28 Tex. Jur. 81, § 7; Id., 85, § 11.

The allegation of partnership was denied by S. B. Edwards, the verification of the plea being waived in open court by the parties.

The court rendered judgment against both Edwards and Owen, jointly and severally, for the amount sued for, together with interest from October 7, 1929, at 10 per cent. per annum.

In the absence of any statement of facts or findings, we must presume that the evidence supported the allegation of partnership and the judgment. 3 Tex. Jur. §§ 370, 377, 378. If they were partners, Owen had the right to execute the note for the partnership indebtedness incurred in the purchase of implements to be used on their farm.

We find no reversible error, and the judgment is affirmed.