199 So.2d 311 (1967)
Mac S. HAINES, As Tax Assessor of Pinellas County, Florida, O. Sanford Jasper, As Tax Collector of Pinellas County, Florida, and Fred O. Dickinson, Jr., As Comptroller of the State of Florida, Appellants,
v.
LEONARD L. FARBER COMPANY, Inc., a New York Corporation, Appellee.
No. 6968.
District Court of Appeal of Florida. Second District.
May 17, 1967.
Rehearings Denied June 22, 1967.
*312 Page S. Jackson, County Atty., and John G. Fletcher, Asst. County Atty., Clearwater, for appellants.
Theodore C. Taub, of Nuccio & Taub, Tampa, for appellee.
ODOM, ARCHIE M., Associate Judge.
This appeal is taken by appellants, defendants below, from a Final Decree reducing the assessment of certain property located in Pinellas County.
Appellee, plaintiff, filed a complaint in the Circuit Court of Pinellas County alleging an excessive assessment of property owned by appellee. During the procedure, appellee was allowed to amend said complaint changing the name of appellee from Leonard L. Farber to Leonard L. Farber Company, Inc., a New York corporation. This amendment was allowed after the sixty-day limitation provided by Section 192.21, Florida Statutes, F.S.A. The land involved in this litigation is improved with a shopping center. Appellee did not question the value of the improvements but only the land value. The Chancellor found the land value to be excessive and reduced the total assessment on the property by the amount deemed excessive.
Appellant has suggested that the Chancellor erred in eight points which we will reduce to four for the purposes of this opinion.
First, appellant questions the ruling of the Chancellor in allowing appellee to change the name of plaintiff from Leonard L. Farber to Leonard L. Farber Company, Inc., a New York corporation, after the running of the sixty-day period for filing suits questioning tax assessments. Farber is the president and sole stockholder of the corporation.
We find the Chancellor was correct in authorizing the amendment allowing the change of name of the party plaintiff.
In Griffin v. Workman, Fla., 73 So.2d 844, a wrongful death claim was brought in the name of the individual. Letters of administration were subsequently issued and amendment sought requesting permission to change the plaintiff from his individual capacity to his representative capacity. The trial court refused to allow the amendment. The Supreme Court of Florida reversed, citing extensively, Van Camp v. McCulley, 89 Ohio St. 1, 104 N.E. 1004. We quote the following from the Ohio case.
"As to the second branch of the argument, namely that the substitution of parties changed the original case: The mere change of the name of the plaintiff in the title would not of course change the cause of action. The fallacy in the plaintiff in error's argument lies in confusion of terms. The defect of party plaintiff affects not the cause of action, but the right of action. The right of action is in the real party in interest. The cause of action is the wrong which the real party in interest suffers. It shows a substantive or positive right which that wrong has violated. The right of action is an adjective or remedial right to invoke the court for redress of the wrong. Amending the title to the action does not in any way affect the substance of the cause of action. 1 Bouvier's (Rawle's Rev.) 295; Pomeroy's Code Remedies (4th Ed.) Sec. 452 et seq.; 1 Cyc. 642.
"If, then, the amendment to the body of the petition does not change the nature of the cause of action, the defendant to the suit is not compelled to answer to a new cause. The cause of action to which he was summoned is not changed by the amendment, which is made by the substituted plaintiff."
*313 In Cabot v. Clearwater Construction Company, 89 So.2d 662, the Supreme Court of Florida had before it a case involving the change of the name of the defendant. The Court found the law to be as follows:
"Admittedly, there are two opposing lines of authority on the propriety of permitting an amendment after the running of the statute of limitations which changes the description of the defendant from that of a corporation to an individual. A number of states lean to the view that such an amendment works an entire change of the parties and is tantamount to asserting a new cause of action. These authorities require the filing of an entire new complaint. On the contrary, there is an equally respectable line of cases which hold that if the basic cause of action is not changed and the amendment merely corrects a misnomer or description of the party-defendant, then it is not tantamount to a new cause of action. Most of the Federal cases appear to be aligned with the latter view. It is our view that since the adoption of our New Rules of Civil Procedure on January 1, 1950, Florida can more appropriately align itself with the more liberal view in allowing amendments of this nature. Prior to that date Florida pleading and practice was governed almost entirely by the strict rules and formalities of the common law.
"Admittedly, prior to our new rules, the trial judge in this case would have been on very sound ground in denying the requested amendment. This is so because the common law required that the writ strictly follow the declaration or complaint. Our above quoted rules governing amendments, however, as well as other related rules, have introduced much greater liberality into our system of pleading and practice. Now the objective of all pleading is merely to provide a method for setting out the opposing contentions of the parties. No longer are we concerned with the `tricks and technicalities of the trade'. The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize."
See also Argenbright v. J.M. Fields Co., Fla.App., 196 So.2d 190.
In J.L. Jones & Co. v. Darden, 29 S.W.2d 479, the Court of Civil Appeals of Texas allowed an amendment to change plaintiff from a corporation to a partnership after the running of the statute of limitations finding as follows:
"As stated by appellee, there is but one question presented by this appeal, and that is whether filing the suit in the name of `J.L. Jones & Company, a corporation,' would interrupt the running of the statute of limitation (Rev.St. 1925, art. 5527), in favor of the defendant, Darden, against the individuals constituting a partnership, doing business under the firm name of J.L. Jones & Co., when the individual partners were substituted as plaintiffs by an amended petition filed on October 24, 1929, after the full period of limitation had expired. It is settled that an amended petition which sets up a new or independent cause of action from that alleged in the original petition does not toll the statute, but, as stated, no new cause of action is alleged, and it appears that there had been a misnomer of the plaintiffs in the original petition which was corrected by the amended petition. An amendment for the purpose of correcting a misnomer is always proper, and is permitted by the court upon such terms as the Court may impose. Cartwright v. Chabert, 3 Tex. 261, 49 Am.Dec. 742. It is clear from the record that the misnomer is a result of a misunderstanding upon the part of appellant's counsel in instituting the suit, and amendment correctly naming the plaintiff was proper. Howard v. Stahl (Tex.Civ.App.) 211 S.W. 826."
Appellant's second point questions the Chancellor's ruling in allowing appellee to use the deposition of two of appellant's employees when they were present and able *314 to testify. At page 88 of the Transcript we find the following proffer:
"At this time we would like to offer in evidence the depositions of Mac S. Haines, Alan Aiton, Ray Coller and the exhibits attached thereto on the basis that Mr. Haines is a party defendant just as you ruled earlier, and furthermore the depositions showed very clearly that the assessment was made by Mr. Aiton and Mr. Coller, on their investigation. No independent inspection or assessment was made by Mr. Haines personally. He merely certified and relied on the assessment given by Mr. Aiton and Mr. Coller; thirdly, on the grounds they are Deputy Tax Assessors, one of whom, Mr. Aiton, by testimony of Mr. Haines, is in charge of improvements and the other, Mr. Coller, is in charge of the land aspect and the only reason I introduce all of these is because some of the exhibits are germane and were identified by Mr. Aiton and then discussed with Mr. Coller and this is  we offer these at this time, Your Honor."
We find nothing in the record to controvert this statement. The Chancellor committed no error in allowing the use of the depositions. These two men would fall into the category of managing agents so that their depositions could be used as provided in the Florida Rules of Civil Procedure.
Appellant next questions that part of the findings of the Chancellor which we quote from the Final Decree:
"Plaintiff herein did not challenge that portion of the assessment attributed by the Tax Assessor to the value of the improvements. Rather, Plaintiff challenged only that portion of the total assessment attributed to land value.
"By evidence introduced herein by Plaintiff, this Court finds that the value placed upon the land by the Tax Assessor was excessive, and the method used to arrive at said land assessment was arbitrary, unreasonable and denied Plaintiff the equal protection of the law. It follows that the total assessment is therefore excessive, arrived at by arbitrary and unreasonable methods, and denies Plaintiff the equal protection of the law.
"It is the contention of the Defendants that Plaintiff must first show that the valuation of the property as a whole, including any improvements, is invalid, unreasonable and excessive, before Plaintiff may attack the valuation of the land alone.
While no evidence was introduced by Plaintiff as to the value of the improvements, Plaintiff has accepted the value the Tax Assessor placed thereon for said Assessor's calculations. Plaintiff, consequently, need not show that the total assessment is invalid as it necessarily follows that if a portion is invalid, the total is also invalid."
The land and improvement of the property involved in the litigation were appraised separately, valued separately and the total tax assessment was apportioned accordingly. Different personnel handled the land appraisal and the improvement appraisal working independent of each other. The total assessment was arrived at by adding the two figures together. The landowner should be able to use the same method in contesting an assessment, that is by contesting the basic appraisal and not the addition. We find the Chancellor to be correct in this finding.
Finally the appellant questions the right of the Chancellor to strike down a portion of the assessment rather than remanding the matter to the Tax Assessor for reassessment.
Although the Courts of this State cannot assess or levy taxes, they can strike down an illegal portion of a tax and leave the remainder intact under the provisions of Section 196.01, Florida Statutes, F.S.A. See Dade County v. Deauville Operating Corp., Fla.App., 156 So.2d 31.
*315 Appellee has cross-appealed assigning error to the Chancellor's ruling which required the appellee to pay interest on the total amount of the assessment even though appellee had paid $25,000.00 into the Court under the provisions of Section 196.01, Florida Statutes, F.S.A. Interest should be allowed for the tax found to be due in excess of the amount paid into Court at the rate set forth in Section 193.51, Florida Statutes, F.S.A.
This cause is remanded with directions for the Chancellor to award interest in accord with this opinion.
The Final Decree appealed from should in all other respects be and the same is hereby affirmed.
Affirmed in part.
Reversed in part.
SHANNON, Acting C.J., and LILES, J., concur.