PEARSON, Judge.
Dade County is the appellant in these seven appeals. Appellee South Dade Utilities, Inc., is a wholly owned subsidiary of appellee Universal American Realty Corporation. The appeals numbered 68-631 through 68-635 are from final judgments on actions in which the appellees were plaintiffs. In each case the plaintiff sought relief pursuant to § 196.01, Fla. Stat.,[1] F.S.A. The final judgment in each *318 case granted the plaintiff relief by finding illegal a portion of the tax assessed. In each case the trial court ruled that the appellees should be charged interest at the rate of 6% per year on that portion of the tax found to be valid and unpaid. Both sides challenge the propriety of the trial court’s ruling concerning interest payments. The County urges that the court is required to apply the provisions of § 193.51(1), Fla.Stat.,[2] F.S.A., to the amount of taxes the court found to be valid and unpaid. Appellees urge that they are not required to pay any interest on that amount.
The appeals numbered 68-735 and 68-734 are interlocutory appeals from post-judgment orders which relieved the appellees from further accrual of interest prior to full payment of the amounts adjudicated to be validly due. The several appeals have been consolidated for all appellate purposes.
In its appeals from the final judgments the County relies upon the following holding in Haines v. Leonard L. Farber Company, Fla.App.1967, 199 So.2d 311, at 315: “Interest should be allowed for the tax found to be due in excess of the amount paid into Court at the rate set forth in Section 193.51, Florida Statutes, F.S.A.” It is our opinion that this holding controls the present appeals and that the trial court therefore erred in not ordering the interest on the taxes it found to be valid and unpaid to be computed at the rate set forth in § 193.51(1), Fla.Stat., F.S.A.
This court in Dade County v. Eastern Air Lines, Inc., Fla.App.1968, 207 So.2d 13, held that under § 196.01: (1) the taxing authority was obligated to accept in November of a tax year payment of the portion of the assessed tax which the taxpayer admitted to be legal and due; (2) the taxing authority was required to give the taxpayer a four per cent discount on the portion of the tax paid. In reaching this conclusion we pointed out three possible consequences of challenging a tax assessment: (1) loss of discount on the disputed amount, (2) interest on the additional amount found to be due, and (3) expense of litigation. While the holding in the Eastern Air Lines case is not directly on point, a holding that a taxpayer must receive the full statutory discount upon the portion of the tax paid in November is consistent with a holding that a taxpayer must pay the full statutory interest upon the unpaid portion a trial court finds to be validly due.
Further, two public policy considerations convince us that the decision of our sister court in the Haines case is correct. First, determination of interest rates to be levied upon delinquent taxes is a legislative function; courts should not usurp this legislative function by deciding at their discretion when the legislative determination shall be followed and when it shall not. Appellees urge us to depart from the Haines holding because the trial judge found that the appellees had contested the tax assessments in good faith. This finding is not relevant to our problem. Since Rule 30, Code of Ethics Governing Attorneys, 32 F.S.A. p. 622, requires that all actions — not only those involving taxes— be brought in good faith, a court may not excuse a taxpayer from making interest payments required by § 193.51(1) simply because he has instituted litigation in good *319 faith. We therefore hold that the provisions of § 193.51(1) are mandatory, not discretionary. Second, the ruling of the trial court concerning the interest rate does not hold a taxpayer to a high standard of care in determining the full amount of tax he admits to be legal and due pursuant to § 196.01. Unless the courts, by applying the provisions of § 193.51(1) strictly, hold a taxpayer to a high standard of care, he will tend to pay a lesser rather than a greater amount if he has a reasonable doubt concerning the amount he ought to admit to be legal and due. He would thereby benefit at the expense of the public good by making any late payments at an interest rate discriminatorily favorable to him.
In the interlocutory appeals the County urges that the trial court erred in terminating the accrual of interest on the unpaid taxes prior to their payment in full. The orders appealed from were based upon evidence that the appellees had made a full tender of all sums due under the final judgments and that the County had refused the tender. The County says it concluded that acceptance of the tender would have prejudiced its right to appeal from the final judgments. We do not examine the question whether the County could have accepted the amounts tendered and then prosecuted appeals. It is clear that the trial court would have had jurisdiction to make a proper order protecting the County’s right to appeal upon acceptance of the tender if the County had sought such an order. Under the circumstances of this case the appellant County has not demonstrated error in the interlocutory orders.
Appellees other points on cross appeal are without merit.
The final judgments appealed from are reversed. Upon remand the trial court shall amend those judgments to provide thát the interest on the taxes found to be valid and unpaid shall be computed at the rate set forth in § 193.51(1), Fla.Stat., F.S.A., and shall not accrue beyond the date set forth in the orders which are the subject of the interlocutory appeals.
Affirmed in part, reversed in part, and remanded with directions.

. “Chancery jurisdiction in tax matters. —Courts of chancery in this state shall have jurisdiction in all eases involving the legality of any tax, assessment or toll, and shall inquire into and determine the legality, equality and validity of the same under the constitution and laws of Florida, and shall render decrees setting aside such tax, assessment or toll, or any *318 part of the same, that shall appear to be contrary to law, provided that the complainant shall in every case tender into court and file with the complaint the full amount of any such tax, assessment or toll which he shall admit to be legal and due by him, or file with the complaint a receipt showing payment of the same prior to the institution of the suit.”

. “All unpaid taxes upon real estate shall become delinquent on April 1 of the year following the year in which such taxes were assessed, and shall bear interest from such date at the rate of eighteen per cent per annum for the first year and eight per cent per annum for the time after the first year.”