BARKDULL, Judge
(concurring in part; dissenting in part).
I concur with so much of the majority opinion as affirmed the reduction in the tax assessment. However, I dissent to that portion requiring that interest be fixed at 18% on the balance of the tax found to be due [not deposited in the registry of the court]. The majority opinion relies on this court’s opinion in Dade County v. Universal American Realty Corp., Fla.App.1969 (opinion filed April 15, 1969), in reference to the question of the amount of interest to be charged, which opinion, in turn, relies heavily on an opinion of the Second District Court of Appeal in Haines v. Leonard L. Farber Company, Inc., Fla.App.1967, 199 So.2d 311. However, it appears that this confidence is misplaced in that a review of the latter opinion does not indicate that the court took into consideration a comparison of § 193.51, Fla.Stat., F.S.A. [relating to penalty interest on unpaid taxes] and § 194.02, Fla.Stat., F.S.A. [relating to delinquent tax sales and the amount of interest], plus the Legislative history that preceded these present sections.
When taxes become delinquent on April 1st of the following year in which the taxes were assessed, said taxes “shall bear interest from such date at the rate of eighteen per cent per annum for the first year and eight per cent per annum for the time after the first year.” On June 1st following the delinquent date, the tax collector is required to advertise and sell the tax certificate for the face amount of the tax, plus costs and interest from the 1st day of April to the date of sale on June 1st at the rate of 18% per annum. Lands upon which taxes have become delinquent may be redeemed prior to the date of tax sale and the issuance of tax certificate upon the payment of costs and delinquent taxes and interest at the rate of 18% per annum, but not less than 3% of the amount of such taxes. § 193.51, Fla.Stat., F.S.A.
In order to determine the penalty interest chargeable against delinquent ad va-lorem taxes, the present provisions in the Florida Statutes must be traced from the initial enactment which was Ch. 4322, Laws of Florida, 1895. This act specified, in § 50 thereof, that if taxes upon any real estate shall not be paid before the 1st of April that same shall be sold by the tax collector. At such sale, the “land shall be struck off to the person who will pay the tax, cost and charges for the least number of acres of land, and the portion thereof sold shall be taken from the southeast corner of such parcel and described in a square form as near as may be.” Attention is directed to the fact that only a part of the land was sold for taxes and the successful bidder at the tax sale was the person who was willing to pay the tax, cost and charges for the least amount of land against which the taxes were levied. After said sale, the delinquent taxpayer could redeem the parcel of land “by paying to the Clerk of the circuit court the amount for which such parcel was sold * * * with interest thereon at the rate of 25% per *267 annum” at any time within two years next succeeding the sale.
Ch. 5596, Laws of Florida, 1907, § 57, enacted a reduction in the penalty interest, and this is shown by the form of tax certificate to be issued which provided for a tax deed “unless the same shall be redeemed within two years by payment of said amount with interest at the rate of twenty-five per cent per annum for the first year and eight per cent per annum thereafter.” This provision and earlier related acts reduced the second year’s interest from 25 % per annum to 8% per annum.
By Ch. 14572, Laws of Florida, 1929, § 974, a new method of tax sale was provided. This required the tax collector to sell land at tax sale “to the person who will pay the tax, cost and charges and will demand the lowest rate of interest for the first year not in excess of the maximum rate allowed by law.” The effect of this bidding statute was to work a reduction in the rate of interest chargeable against the taxpayer by making the person who bid the lowest rate the successful purchaser.
§ 985 thereof specified “interest on land sold in the year 1929 and thereafter shall be at the rate per annum bid by the purchaser for the first year not in excess of eighteen per cent (18%) per annum and ten (10%) per cent per annum for the second year and eight per cent (8:%) per annum thereafter, but not less than five per cent (5%) of the face of the certificate.” The effect of this act was to reduce the first year’s penalty interest to 18% per annum, the second year to 10% per annum, and the third year to 8% per annum.
A change in the interest rate was effected by Ch. 20722, Laws of Florida, 1941, which set forth “interest on lands, hereafter sold shall be at the rate per annum bid by the purchaser for the first year not in excess of 18% per annum and 8% per annum for the time after the first year, but not less than 5% of the face of the certificate.”
A change was again effected by Ch. 28254, Laws of Florida, 1953, in which it is stated: “Interest on lands hereafter sold shall be at the rate per annum bid by the purchaser for the period of time from the date of certificate not in excess of twelve per cent per annum and eight per cent per annum for the time after the first year, but not less than five per cent of the face of the certificate.” This is the provision presently found in § 194.02, Fla.Stat., F.S.A.
Of great importance in Dade County is the provision of § 193.62 Fla.Stat., F.S.A., as follows : “Incorporated cities and towns, notwithstanding any provisions to the contrary in their charter or any special act, shall not charge any interest rate in excess of twelve per cent per annum on tax certificates.” § 4.04 of The Home Rule Charter for Metropolitan Dade County requires county and municipal taxes shall be collected by the County on one bill prepared and sent out by the County. Delinquent municipal taxes shall be collected in the same manner as delinquent county taxes. The tax rolls prepared by the County shall be the only tax rolls in the County for the assessment and collection of county and municipal taxes.[3]
*268 From these statutes, it is clear that the penalty interest to be paid by a delinquent taxpayer for ad valorem taxes is the lowest amount bid by way of interest by a purchaser at the tax sale, and in no event shall it be an amount in excess of 12% per annum.
The Attorney General has ruled, by opinion on July 24, 1953, (053-168),[4] that the reduction from not in excess of 12% contained in § 194.02, Fla.Stat., F.S.A., “is applicable to tax sale certificates sold to the county as well as those sold to purchasers other than the county.” Therefore, construing §§ 193.51, 194.02, Fla.Stat., F.S.A., in pari materia, it appears that the interest rate should not be in excess of 12% per annum from the date of sale [April 1st of the following year].
With this background, we must now consider the interest rate to be charged to a litigant who, in whole or in part, fails to sustain an assault on a tax assessment. The County contends and the majority opinion holds that on April 1st, after suit has been filed, that portion of the tax in contest and not paid into the registry of the court will bear interest from April 1st at 18% per annum. It seems hard to- justify a charge of 18% where no tax certificate is issued, when the statute clearly says that not in excess of 12% may be charged where the tax certificate is actually issued.
Generally, as in this case, the tax collector is enjoined from advertising and selling a parcel of land where a portion of the assessment and tax is in contest in the circuit court. It is quite possible that he would sustain the penalty provided under § 193.55, Fla.Stat., F.S.A., if he improperly conducted a sale for taxes which the court adjudicates were never due and payable.
The theme of the tax collection statutes, in placing penalty interest against defaulted taxes is to create (1) a motivation for the payment of taxes by the taxpayer, and (2) a motivation to encourage tax bidders in the event of default. Neither purpose is served by charging the litigant an excessive rate of interest on that portion of an assessment which is in contest.
Attention is drawn to the provisions of § 192.21(2), Fla.Stat., F.S.A., which provide that any suit to contest the validity of a tax assessment must be instituted within 60 days from the first Monday in October of the tax year. The purpose of this is to require a rapid test. This means that the assessment is in contest at least four months before the tax could become delinquent. The purpose of this early contest is to afford the courts and the tax authority time in which to bring the contest to a speedy conclusion. If interest is to be charged on the basis of who is at fault for delaying payment past the delinquent date, the taxing authority could well be responsible for the delay. To charge the taxpayer with penalty interest under such circumstances is not justified and does not comport with equitable notions.
*269 Further, it is impossible to determine actually what interest would be chargeable, in view of the fact that the statute says not in excess of 12%. The rate might well be reduced if an actual sale of the property had transpired for that portion of the tax under contest. It could be argued that the reasonable rate of interest might be the average rate bid at all sales under the tax sale statute for the current year.
There is no statutory provision which requires the payment of penalty interest for that portion of the tax unpaid and in contest in tax litigation between the taxpayer and the taxing authorities. The taxpayer could well apply for an injunction enjoining the tax collector from declaring the tax delinquent.
There is no requirement a litigant shall pay the full amount of the assessed tax as a condition precedent to bringing and maintaining a suit against the taxing authorities, questioning the validity of the assessment or a portion thereof. Article IX, Section 8 of the Constitution of the State of Florida (1885) requires a litigant to pay such portion of his tax as may be legal before he may be relieved of the payment of that portion which is illegal. Article VII, Section 13 of the Constitution of the State of Florida (1968) F.S.A. provides to the same effect:
“Until payment of all taxes which have been legally assessed upon the property of the same owner, no court shall grant relief from the payment of any tax that may be illegal or illegally assessed.”
The statute applicable to the case at bar, § 196.01, Fla.Stat., F.S.A., provides that courts of chancery shall have jurisdiction in all cases involving the legality of any tax. However, the complainant shall, in every case, tender into the court and file with the complaint the full amount of any such tax which he shall admit to he legal and due by him or a receipt showing payment thereof.
A review of §§ 196.05, 196.15, Fla.Stat., F.S.A., makes it clear to this writer that there can be no ascertainable amount of taxes due until there is a determination by a decree of court which fixes the amount of such taxes and that the interest chargeable under the circumstances should be that fixed and prescribed by § 55.03, Fla.Stat., F.S.A., to wit: 6% per year.
Therefore, for the reasons above stated, I would affirm the final decree here under review in its entirety.

. “Assessment and collection of taxes.
“(A) Beginning with the tax year 1961, the county tax rolls prepared by the county shall he the only legal tax rolls in this county for the assessment and collection of county and municipal taxes. Thereafter no municipality shall have an assessor or prepare an ad valorem tax roll. Each municipality shall continue to have the right to adopt its own budget, fix its own millage, and levy its own taxes. Each municipality shall certify its levies to the County Manager not later than 30 days after the county tax rolls have been finally approved by the Board. Any municipality may obtain a copy of this tax roll upon payment of the cost of preparing such a copy, and copies of the tax rolls shall be available for public inspection at reasonable times. Maps showing the assessed valuation of each parcel of property may be prepared and made available for sale to the public at a reasonable price.
“(B) All county and municipal taxes for the tax year beginning January 1, *268 1961, and all subsequent tax years, shall be collected by the county on one bill prepared and sent out by the county. The amounts of county and municipal taxes shall he shown as separate items, and may he paid separately.
“(C) Delinquent municipal taxes shall be collected in the same manner as delinquent county taxes.
“(D) All the tax revenues collected for any municipality shall be returned monthly by the county to the municipality.”

. Biennial Report of the Attorney General, 1953-1954, p. 228. Said opinion reads, in part, as follows:
* * * * *
“ * * * Reading the sections together we feel that the rate of interest for the delinquency between April first and the date of the tax sale will be eighteen per cent per annum, from the date of the tax sale or certificate until the end of the first year of delinquency the rate will be at the rate of twelve per cent per annum and thereafter at the rate of eight per cent per annum. * * * ”
* * * * *