231 So.2d 197 (1970)
ADLER-BUILT INDUSTRIES, INC., a Florida Corporation, Petitioner,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, et al., Respondents.
No. 38807.
Supreme Court of Florida.
January 28, 1970.
Rehearing Denied March 2, 1970.
Elliott Harris, Miami Beach and Herbert Buchwald, Miami, for petitioner.
Thomas C. Britton, County Atty., and John G. Fletcher, Asst. County Atty., for respondents.
*198 John H. Wahl, Jr., Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Mahoney, Hadlow, Chambers & Adams, Nathan H. Wilson, Jacksonville, and John A. Boykin, Jr., Atlanta, Ga., amicus curiae on behalf of Southern Bell Telephone and Telegraph Co.
ROBERTS, Justice.
This cause is before the court on petition for certiorari to review the decision of the District Court of Appeal, Third District in Metropolitan Dade County v. Adler-Built Industries, Inc., Fla.App. 1969, 222 So.2d 264. The question of law presented has been certified by the appellate court as being one of great public interest. It may be stated as follows: In a taxpayer's suit under § 196.01, Florida Statutes, F.S.A. contesting the validity of a tax assessment, in which that portion of the tax admitted by the taxpayer "to be legal and due by him" is tendered into court, are the provisions of § 193.51(1), Florida Statutes, F.S.A., (transferred to § 197.16, Fla. Stat. 1969) providing for "interest" of 18 percent on delinquent taxes, applicable to the difference between the amount paid into court and the amount of tax judicially determined in the suit to be due?
The question arose in a suit filed by the petitioner, in equity, pursuant to § 196.01, supra, to contest a 1965 tax assessment on its property in Dade County, the basis for its complaint being that the property should have been assessed as agricultural land. The petitioner deposited into the registry of the court the portion of the tax admittedly due, namely $781, based on a valuation of the property as agricultural land of some $35,000. The tax assessor's valuation was $491,000. The Chancellor found that the property was "not devoted to bona fide agricultural purposes" as of the date of the tax assessment and that the tax assessor had properly refused to assess it as such; however, he also found that the assessment made by the tax assessor was grossly excessive and should be reduced to the amount actually paid by the petitioner for the property a short time before, namely $335,940. He ordered petitioner to pay the additional amount of taxes found to be due on the basis of the corrected assessment, together with interest at 6 percent per annum from the date they became delinquent, April 1, 1966.
On appeal, the appellate court (with one Judge dissenting) reversed as to the rate of interest, holding that the provisions of § 193.51(1), supra, were binding upon the trial court, citing its decision in Dade County v. Universal American Realty Corp., Fla.App. 1969, 227 So.2d 317, as authority for its decision. This petition for certiorari followed.
Section 193.51(1), supra, provides that taxes shall become delinquent on April 1 of the year following their assessment and "shall bear interest from such date at the rate of 18 percent per annum for the first year and 8 percent per annum for the time after the first year". In the Dade County case, supra, 227 So.2d 317, the court relied on a statement made by the District Court of Appeal, Second District, in Haines v. Leonard L. Farber Company, Fla.App. 1967, 199 So.2d 311, without explanation or discussion, that "[i]nterest should be allowed for the tax found to be due in excess of the amount paid into Court at the rate set forth in Section 193.51, Florida Statutes." The Third District Court of Appeal noted in the Dade County case that it had previously held that a taxpayer who contests a tax assessment is entitled to the full statutory discount on the amount admitted to be due and actually paid in November of the tax year; and that this "is consistent with a holding that a taxpayer must pay the full statutory interest upon the unpaid portion a trial court finds to be validly due." 227 So.2d at page 318. It was further held that the assessment of the full amount of "interest" prescribed by the statute was mandatory and that the good faith of the taxpayer in making the prepayment of taxes admittedly due could not be taken into *199 account in assessing such "interest". 227 So.2d at page 319.
In a strong dissenting opinion, it was said that § 193.51(1) was not applicable to taxes that became delinquent only because the validity of the tax assessment was being litigated by the taxpayer and that the amount finally determined to be due should bear interest at the rate "fixed and prescribed by Section 55.03, Fla. Stat., F.S.A., to wit: 6% per year." Section 55.03 provides for an award of 6 percent interest on a judgment or decree, but it would not appear to support an award of interest on a tax judgment as of the date of the tax delinquency. More nearly applicable here would be § 687.01, Florida Statutes, F.S.A. providing for interest at the rate of 6 percent "[i]n all cases where interest shall accrue without a special contract for the rate thereof * * *". Cf. Parker v. Brinson Construction Company, Fla. 1955, 78 So.2d 873, a workman's compensation case in which interest on an award was allowed, as damages for its detention, from the date at which it should have been paid, at the rate prescribed by § 687.01, supra.
Both parties rely on the fact that the 1969 Legislature (by Ch. 69-140, Acts of 1969) amended § 196.04, Florida Statutes, to provide that
"In the event that the court shall determine that any taxpayer plaintiff shall be liable under the law for a greater tax than admitted, as provided for under 196.01, the court shall assess against the difference between that amount of tax admitted and the amount determined to be property (sic) due by the court, interest at the rate of six per cent (6%) per annum."
The amendatory Act (which amended several other tax statutes, including § 196.01, referred to hereafter) provided for an effective date of January 1, 1970.
It is contended, on the one hand, that § 196.04 was enacted in "recognition of the fact that the existing statutes were silent on the question of the rate of interest to be imposed on deficiencies adjudicated in Section 196.01 suits." On the other side, it is insisted that the Legislature intended to change the interest rate on such deficiencies from 18 percent to 6 percent and that this is evidenced by the fact that its effective date was deferred until January 1, 1970.
We think that the latter contention is more consistent with reason. As pointed out by the respondents, the Haines case, supra, 199 So.2d 311, was decided in 1967. The Legislature is presumed to be acquainted with judicial decisions on the subject concerning which it subsequently enacts a statute. Collins Investment Co. v. Metropolitan Dade County, Fla. 1964, 164 So.2d 806. It is reasonable to assume that the 1969 Legislature intended to change the interest rate on tax deficiencies adjudicated in § 196.01 suits from 18 percent, as held in the Haines case, to 6 percent. It is noteworthy that in the same amendatory Act, Ch. 69-140, Acts of 1969, it amended § 196.01 so as to require, as a jurisdictional prerequisite, the payment into court of the amount of the tax admitted to be legal and due. This must have been done in recognition of, and with an intention to change, the ruling made in the Collins Investment Co. case, supra, 164 So.2d 806, that such payment was not required to be made as a prerequisite to filing suit under § 196.01 to contest a tax assessment. The deferment of the effective date of these amendments to January 1, 1970, would seem to be a legislative recognition or acknowledgment that the statutes in question, as judicially interpreted, were in effect as of the date of the amendment. The contention of the respondents in this respect is, accordingly, sustained.
We cannot agree, however, that the equity court is without power to reduce the amount of the so-called "interest" imposed by § 193.51(1). The provision authorizing the imposition of 18 percent interest on the delinquency for the first year and a lower rate thereafter unquestionably includes a *200 penalty; and, as stated in 2 Pomeroy's Equity Jurisprudence, § 458(a) (5th Ed. 1941),
"It is frequently held that equity will not aid in the collection of statutory penalties, or, at least, it will refrain from inflicting statutory penalties which it considers unjust in the circumstances."
In those cases in which the amount of the tax admitted by the taxpayer to be due and paid into court is so grossly disproportionate to the amount judicially determined to be due as to lead inevitably to the conclusion that the payment could not have been made in good faith, the Chancellor would be justified in finding that the taxpayer, who had prior to January 1, 1970 deliberately and intentionally failed and refused to pay the tax due, was not acting in good faith and should be subjected to the penalty prescribed by § 193.51(1) for a delinquent taxpayer. But in those cases in which the Chancellor finds that the taxpayer acted in all good faith in calculating the amount admittedly due and paid into court, even though less than that ultimately adjudicated by the Chancellor to be legal and due, it would be inequitable to exact the penalty prescribed for a delinquent taxpayer; and, in these circumstances, equitable relief therefrom could and should be accorded. This is in accord with the rule that statutes imposing a penalty must always be construed strictly in favor of the one against whom the penalty is imposed and are never to be extended by construction. C.D. Utility Corporation v. Maxwell, Fla.App. 1966, 189 So.2d 643, citing 24 Fla.Jur., Penalties and Forfeitures, § 5.
For the reasons stated, the decision here reviewed is quashed with directions to remand the cause to the trial court for further proceedings in accordance with this opinion.
It is so ordered.
ERVIN, C.J., DREW and CARLTON, JJ., and VANN, Circuit Judge, concur.